ZERAH PORTER and CHAUNCEY PORTER *vs.* IRA STEWART.

The time of performance of a condition precedent in a deed cannot be enlarged by parol agreement, so as that an action can be maintained on the deed.

To maintain an action upon a deed containing conditions precedent, performance thereof must be averred according to the stipulation in the deed, and must be *proved as laid.*

*Admitted, arguendo,* That where there is a covenant to perform a certain thing at a certain time, if performance of another thing, or a performance at a different time, be accepted in lieu of the other, it is an answer to an action for the non-performance of the thing stipulated. The distinction is, between pleading the matter as a defence, and making it the ground of an action.

IRA STEWART was attached to answer unto the plaintiffs, in a plea that he render unto them the sum of five thousand dollars, current money of the United States, which he owes to, and unjustly detains from them; for that, whereas, the said *Ira,* heretofore, to wit, at, &c. on the 5th day of October, 1821, by his certain writing, obligatory, signed with his hand, and sealed with his seal, and ready in court here to be produced, the date whereof is the day and year aforesaid, acknowledged himself to be held and firmly bound unto the said *Zerah* and *Chauncey,* in the said sum of five thousand dollars, above demanded, to be paid to the said Zerah and Chauncey, when he the said Ira should be thereto afterwards requested; which said writing obligatory was and is subject to a certain condition thereunder written, whereby, after reciting to the effect following, to wit, ----That whereas, the said Ira had that day sold to the said Zerah and Chauncey his oil-mill, situated in *Weybridge,* in said county, with the land and water privileges pertaining to the same, as described in a deed from *Huldah Bell* and *John Simmons,* administrators of *Dennis Bell,* deceased, to him of the same, for the consideration of three thousand dollars, and had taken their notes for the same, including the interest, as follows, to wit: one note for the sum of four hundred and fifty dollars, payable on the first day of May, 1822; one note for four hundred and fifty dollars, payable first day of May, 1823; [and so on, describing five other notes,] and had agreed to give to said Zerah and Chauncey a warrantee deed of the said premises, with the usual covenants, on their payment to him of the

*Addison,*
January,
1828.

Porter et. al:
*vs.*
Stewart.

sums contained in the two notes first above specified, according to the tenure of the same, and also on their executing to him the said Ira a mortgage deed of the same premises, duly and legally authenticated, for the security of the payment of the remaining notes above specified : according to the same, it was provided and agreed, that if the said Ira, on the payment of the two first notes above specified, according to the tenure of the same, and on the executing of a mortgage deed by the said Zerah and Chauncey to the said Ira, duly authenticated, and ready to deliver to the said Ira, for the securing the payment of the remainder of said notes above specified, should, at the same time, have in readiness a warrantee deed of the said premises from him the said Ira to the said Zerah and Chauncey Porter, and should deliver the same to the said Zerah and Chauncey, in exchange for the said mortgage deed, then the said obligation should be void; otherwise, to be and remain in full force and virtue. And the said Zerah and Chauncey aver, that afterwards, to wit, at Middlebury aforesaid, on the first day of May, A. D. 1822, they paid the said note first above specified, and on the first day of May, A. D. 1823, they paid the said second note above specified, according to the tenure of the said notes, and to the acceptance of the said Ira, and took up the said notes ; and afterwards, to wit, at Middlebury, aforesaid, on the day and year last aforesaid, offered and tendered to the said Ira their mortgage deed of the said premises for the securing the payment of the other said notes that remained unpaid, which said deed, duly executed, they then and there had ready to deliver to the said Ira, and then and there demanded of the said Ira a warrantee deed of the said premises, from the said Ira to the said Zerah and Chauncey, in exchange for said mortgage deed; but the said Ira then and there wholly neglected and refused to receive the said mortgage deed of the said Zerah and Chauncey, and wholly refused and neglected to have in readiness, or to deliver a warrantee deed of the said premises to the said Zerah and Chauncey :---whereby an action hath accrued to the said Zerah and Chauncey, to have and demand of and from the said Ira, the said sum of five thousand dollars above demanded ;---yet, the said Ira, although often requested so to do, hath not as yet paid the said sum of five thousand dollars, above demanded, nor any part thereof, but so to do hath hitherto wholly refused, and still doth refuse. *Ad damnum, &c.*

To this declaration the defendant pleaded *non est factum*, with the following *notice :*---And the said Ira, according to the statute in such case made and provided, hereby gives notice to the plaintiffs, that in the trial of said cause, he shall rely on the following facts, of which he shall offer evidence to the jury, to wit : that the note first described in the plaintiffs' declaration, for the sum of 450 dollars, payable on the 1st day of May, A. D. 1822, was not paid to him the defendant on that day, according to the tenor of said note, nor until long after that day, to

*Addison,*
January,
1828.

Porter et. al,
*vs.*
Stewart.

wit, until the first day of June, A. D. 1823; and that the said note secondly described in the plaintiffs' declaration, for the sum of 450 dollars, and payable on the 1st day of May, A. D. 1823, was not paid to him the defendant on the said 1st day of May, A. D. 1823, according to the tenor of said note, nor for a long time afterwards, nor until after the 1st day of May, A. D. 1824, when the said note thirdly above described in the plaintiffs' declaration, for the sum of 619 dollars, became due and payable, nor until long afterwards, to wit, the 10th day of October, 1824; and that on the 1st day of May, A. D. 1824, when the third note in the plaintiffs' declaration described, had become due and payable, and a part of the said note secondly in the plaintiffs' declaration described, which became due on the 1st day of May, A. D. 1823, being then due and unpaid to him the defendant, and the defendant being then about to proceed against the said Zerah and Chauncey by process of law, to recover possession of said oil-mill, as he lawfully might, the said Zerah and Chauncey then and there proposed to him the defendant, that if he would forbear to proceed at law for the recovery of the possession of said oil-mill, and would permit them, the said Zerah and Chauncey, to have the quiet possession of said oil-mill for the term of one year from the said 1st day of May, A. D. 1824, and would extend the time of payment of said note for 619 dollars, which had then become due on said 1st day of May, A. D. 1824, the one half of said note until the 1st day of October, A. D. 1824, and the other half until the 1st day of May, 1825, they would procure the signature of *Elijah Branch* with themselves, as security for the amount of said note for 619 dollars, then become due, as aforesaid, and would secure by some good signer the balance of said note then unpaid which became due on the 1st day of May, A. D. 1823; which proposition was then and there accepted by him the defendant, and he did forbear to proceed at law for the recovery of possession of said oil-mill, and did then and there agree to permit the said Zerah and Chauncey to have the quiet possession of said oil-mill for the term of one year from the said 1st day of May, A. D. 1824, and did then and there extend the time of payment of said note for 619 dollars, then due as aforesaid, the one half of said note until the 1st day of October last past, and the other half until the 1st day of May, A. D. 1825, and the said Zerah and Chauncey did then and there procure the signature of said Elijah Branch, as security as aforesaid, with them for the amount of the said note for 619 dollars, then due as aforesaid, and payable as aforesaid, and did then and there take up their said note last mentioned, and did then and there procure security to the acceptance of him the defendant, for the balance of said second note, due on the 1st day of May, A. D. 1823, and then unpaid to him the defendant, as aforesaid, and the said Chauncey and Zerah have thence hitherto had the quiet possession of said oil-mill.

On the trial in the county court, the plaintiffs, in support of

the issue on their part, offered in evidence the bond described in their declaration, the due execution whereof was admitted by the defendant. It was also conceded by the defendant, that, on the 25th day of September, 1824, the plaintiffs tendered to the defendant a mortgage deed, duly executed, of the premises described in the condition of said bond, and conditioned for the payment of the residue of the notes described in the condition of said bond, then unpaid, and demanded a deed of said premises as provided for in said bond, which the defendant refused to give.

The plaintiffs then offered, in evidence of the payment of the two notes first described in said condition, the notes themselves, with sundry endorsements thereon, which endorsements were admitted to be in the proper hand writing of the defendant.

To this evidence the defendant objected, and the same was rejected by the court.

The plaintiffs then offered the said notes, together with evidence of an agreement between the parties at the time of taking up the said two first notes, by which the time of payment of the other notes in the said condition specified was extended one year.---This evidence was also rejected by the court.

Verdict and judgment for the defendant.

To the decisions of the court rejecting the evidence so offered, the plaintiffs excepted, which exceptions were duly certified to this Court; and the cause now came before this Court on a motion to reverse the said judgment, and for a new trial, founded on the exceptions aforesaid.

*Bates,* in support of the motion. The question is not whether the Porters must prove payment of the two first notes, according to the tenor of the bond, in order to hold Stewart on the bond. This is admitted, and the declaration contains an averment accordingly, and proceeds on this supposition.

Neither is the question, whether a bond with penalty not forfeited according to the terms of it, can be set up by some new parol contract.

The question is, what, as between the parties, is conclusive evidence of payment of the two first notes "according to their tenor;" and if such acts are proved as would in law and reason preclude Mr. Stewart from denying their payment according to their tenor, all the consequences follow that would result from payment precisely at the time stated in the notes----as between them it is payment at the time, though received after the time.

If the notes were not paid according to the contract of which they were evidence, Stewart might have maintained an action upon them after receiving the money; yet this will not be pretended. And what is the reason? Because he receives the payment *after* the day, as payment *at* the day, and is estopped from denying that the contract was performed.

By the terms of the bond, the Porters had a condition precedent to perform; this condition precedent was the perform-

ance of the contracts evidenced by the notes. If these con-
tracts were performed, the condition precedent was performed.

If there is any case where a party is to be taken as waiving
a right, it is when he receives the money on a contract after it
is due. The contract is broken by non-payment at the day;
but the reception of the money afterwards, in itself implies
and is a waiver of any right to insist on the non-performance
of the contract.

The cases cited in the 2 *Aik. Rep. Fletcher* vs. *Baxter, page*
230-1, by *Prentiss*, J. though not analogous to this case, carry
the principle of waiver to an extent altogether beyond what is
here asked.

In actions of ejectment, the lessee is estopped from denying
the title of his lessor. The plaintiff, to be sure, must recover
upon the strength of his own title, and he does so because the
defendant, by entering under him, waives the right of contra-
dicting his title.

So also when there is a forfeiture for the non-payment of
rent, acceptance of the rent subsequently is a waiver of the for-
feiture, and re-establishes the lease.----1 *Saund.* 287, *Duppa* vs.
*Mayo.* So in 3 *Johns. Rep. Fleming* vs.*Gilbert*, 528, where it
was the condition of a bond, that the defendant should dis-
charge a certain mortgage and bond from the records of the
county, and the defendant had carried the mortgage and bond
to the plaintiff, and offered to do any thing further required by
the plaintiff, and was directed by him to leave them with a
third person. It was holden that the plaintiff waived the right
of insisting that the bond and mortgage should be discharged
from the county records. Judge *Thompson*, in that case, says---
The plaintiff's conduct can be viewed in no other light than as
a waiver of a compliance with the condition of the bond, so far
as it related to a discharge of the mortgage and bond on re-
cord; and I see no infringement of any rule or principle of
law, in permitting parol evidence of such waiver.

[Here the counsel went into a particular examination of the
case of *Little et. al.* vs. *Holland*, 3 *Term R.* 590, and came to
the conclusion, that it was not supported by the case on which
*Lord Kenyon* rested his opinion---was opposed to the opinion of
*Buller* therein cited, and has been frequently contradicted; cit-
ing in support of his conclusion, 1 *Johns. Cas.* 22, *Keating* vs.
*Price*---3 *Johns. Rep.* 528, *Fleming* vs. *Gilbert*, and *Phillips' Ev.*
438.]

There is a case, said he, in which *Lord Ellenborough* deliv-
ered the opinion of the court of king's bench, in 1 *Maule &*
*Selwyn, p.* 21, (*Cuff & others* vs. *Penn*,) which is opposed to the
decision in *Little* vs. *Holland*, and in principle establishes all
that we contend for. That was an action on a written con-
tract for the sale and delivery of a quantity of bacon, to be de-
livered at different times, the first quantity by the 20th April.
On the 21st April the first delivery was made and accepted,
and afterwards the time varied for the delivery of other quan-

*Addison,*
January,
1828.

Porter et. al.
vs.
Stewart.

*Addison,*
January,
1828.

Porter et. al.
*vs.*
Stewart.

tities, some of which were accepted; but the defendant finally refused to receive all the quantities originally stipulated for. It was contended, first, on the part of the defendant, that such a contract could not be varied by parol, and secondly, that if the variation of time constituted a new contract, the statute of frauds required it to be in writing, it being a contract for the sale of goods. In delivering the opinion of the court, *Lord Ellenborough* observed—"But here what has been done is only in performance of the original contract. It is admitted, that there was an agreed substitution of other days than those originally specified for its performance, still the *contract remains.*" Again, he says—"The parties have chosen to take a substituted performance. It is clear, that neither of them, in the outset, thought it necessary to stand on the letter of the agreement, for the first delivery was to have taken place on the 20th April, and was not made until the 21st, and yet no objection was then taken." That case establishes the principle, that an acceptance of performance after the time stipulated, makes it a performance of the *original contract,* which is precisely the question in this case. That case was decided long after the case in 3 *Term Rep.* and by a court equally respectable.

2. As it respects the pleadings.

The declaration avers, that "on the 1st day of May, 1822, they paid the said note first above specified, and on the 1st day of May, 1823, they paid the said second note above specified, according to the tenor of said notes, and to the acceptance of the said Ira, and took up the said notes."

Now, if, according to the case in *Maule & Selwyn,* the payment of the money by the Porters on the notes, its acceptance by Stewart, and his giving up the notes, constituted a payment according to the tenor of said notes, (which are the words in the bond,) then all these facts being alleged in the declaration, it must be sufficient. And, as these facts constitute a performance, at whatever time they may have taken place, either before or after the notes became due, it is not necessary that the precise time when they took place should be truly stated in the declaration.—1 *Chitty's Pleadings,* 258-9.

Again, in pleading, the evidence is not to be alleged, but the effect of it. And if the original contract is not altered by a substitution of another *time* or *place,* the original contract must of course be declared on.

It seems, at a very early period, to have been doubted, in England, whether payment of a bond after the money had become due, was a good defence to an action on the bond.—And the statute of 4 *Anne* was passed, authorizing the payment after the day to be pleaded in bar. We have no such statute; but it will not be pretended, that an action on bond or note could be maintained here after the reception of the money—nor at this day, in England, if no such statute had ever existed.

In *Coke's Lit.* 212, sec. 343, it is expressly laid down, that payment before the day, or at another place, is sufficient. The

same doctrine is holden by the court in *Burgaine* vs. *Spaulding*, *Cro. Car.* 284. In *Cro. Eliz.* 142, *Bond* vs. *Richardson*, the action was debt on bond---the plea, payment *at the day and place*, and the evidence, payment before the day and at another place;---the court said, payment *before* the day is payment *at* the day.

Addison,
January,
1828.

Porter et. al.
vs.
Stewart.

These decisions can only be sustained upon the principle, that the plaintiff, having accepted the substituted performance for that stipulated in the contract, is precluded from objecting on this account; and this principle can never apply with more force than when the obligee of a bond or note has actually received his money.

Any reasoning from the circumstance of the plaintiff going for a penalty, is quite idle at this day, when even our courts of law by statute have and exercise equitable principles over all penalties and forfeitures.

The facts, as they now appear by the case stated, are, that Stewart received the money on the notes in pursuance of the original contract, and now claims to hold it without performing that contract---contending that the notes were not paid according to the tenor of the same.

The plaintiffs rely,

1. That payment after the day was in effect payment "according to the tenor of the notes."

2. That the defendant, having accepted this payment, is estopped from contending that it was not a sufficient payment.

3. That, in the form of pleading, it was correct to declare on the original contract, because the substitution of another time, merely, is only in performance of the original contract, and does not alter it; and also because, upon the principles above stated, the defendant is precluded by the *acceptance* from objecting to the time or place of payment;---and also, that the allegation that the notes were paid to the defendant's acceptance, and that he gave up the notes, would be sufficient, provided it were necessary to notice the fact of their not being paid at the time, in the pleadings.

*Starr*, contra, insisted,

1st. That in debt for a penalty, the plaintiff must show himself strictly entitled to recover; he must show an exact performance of every thing on his part to be done, to entitle him to the penalty.---See 1 *H. Black.* 274.---*Chitty's Pl.* 316.---1 *Saund.* 320.---3 *Mass. Rep.* 443, *Appleton* vs. *Crowninshield.*---7 *Term Rep.* 381.---1 *Bos. & Pull.* 634.---8 *Term Rep.* 373.

2d. That the payment of the two first notes at the days they severally became due, *was a condition precedent*, on the performance of which the plaintiffs were to become entitled to a deed, or a forfeiture of the penalty. By the failure of the plaintiffs to pay at the day, *the forfeiture of the penalty was never incurred*, and the right thereto never accrued to the plaintiffs. Though the acceptance of payment after the day by the defendant, might give the plaintiffs a right of action in *some other form*, or

*Addison,*
January,
1828.

Porter et. al.
*vs.*
Stewart.

chancery might enforce the defendant to execute a deed, it does not set up the bond, and subject the defendant to a forfeiture of the penalty, on his failure to execute a deed.---*See 5 Bac. Abr.* 176.---2 *Saund.* 48, b.---3 *Term Rep.* 590.

3d. That, by the failure of the plaintiffs to pay at the day, the bond *became extinct at law.---A penal bond extinct* is not revived by implication, and cannot be set up by a parol agreement.---*See* 3 *Term Rep.* 590.---2 *Con. Rep.* 71.

The opinion of the Court was pronounced by

PRENTISS, J. The condition of the bond declared upon, after reciting that the defendant had sold to the plaintiffs a certain oil-mill for the sum of $3000, and taken their notes for the same, one for $450, payable in linseed oil or beef cattle the 1st day of May, 1822; one for $450, payable the 1st day of May, 1823; one for $619, payable the 1st day of May, 1824, and the others for the residue of the sum in annual payments, the last becoming due the 1st day of May, 1828,---provides, that if the defendant, on the payment, by the plaintiffs, of the two first notes, according to the tenor of the same, and their executing to him a mortgage deed of the mill, to secure the payment of the other notes, should execute and deliver to the plaintiffs a warrantee deed of the mill, then the bond was to be void, otherwise, to remain in force. The payment of the two first notes according to the tenor, and a tender of the mortgage deed to secure the payment of the remaining notes, being conditions precedent to be performed by the plaintiffs, the plaintiffs, after setting forth the condition of the bond in the declaration, have alleged, that they paid the first mentioned note on the 1st day of May, 1822, and the other on the 1st day of May, 1823, according to their tenor, and on the latter day tendered the mortgage deed. The evidence offered, was, not that the notes were paid at the time they respectively became due, but that the first was paid in 1823, and the second in 1824, and that the mortgage deed was tendered on the 25th of September, in the latter year. The question is, whether the evidence thus offered showed a performance on the part of the plaintiffs, and was admissible in support of the averments in the declaration.

It is a general rule, that a condition precedent must be strictly performed, and that the performance must be proved as laid ; and it seems to be well established, that a parol agreement to enlarge the time of performance, and performance within the enlarged time, will not support an action upon a bond or deed. This doctrine is laid down in numerous adjudged cases. In *Little* vs. *Holland,* 3 *Term R.* 590, the plaintiff covenanted to build two houses for the defendant by a certain day, for £500, covenanted to be paid him in consideration thereof, and averred, in an action of covenant for the money, that the houses were built within the time. The evidence was, that the parties, by a parol agreement, had enlarged the time, and that the houses were built within the enlarged time, though not within the time mentioned in the deed. It was argued, for the plain-

*Addison,*
January,
1828.

Porter et. al.
*vs:*
Stewart.

tiff, that though the subsequent agreement by parol could not vary the terms of the deed, it was evidence of performance, and the defendant was estopped to say, that it was not a substantial performance, within the terms of the original agreement. But it was determined, that it was no performance, and that the evidence did not support the declaration. The case of *Brown* vs. *Goodman*, contained in a note to the case just mentioned, was an action on an arbitration bond, in which the time was limited for the arbitrator to make his award. The declaration stated, that the time was enlarged by the mutual agreement of the parties, within which enlarged time the arbitrator made his award. On demurrer, judgment was given for the defendant. *Lord Kenyon* said, that the question was not then to be discussed, whether the party had not some remedy, but whether his remedy lay on the bond. To determine which, he said, the court must look to the bond, and there it appeared that the defendant had bound himself to abide by an award under a penalty, if made within a given time ; but that could never extend the penalty to an award made after that time, under a new agreement. In *Cook* vs. *Jennings*, 7 *Term R.* 381, where the defendant had covenanted to pay so much freight for goods delivered at *Liverpool*, it was decided, that the freight could not be recovered in an action upon the covenant, the ship not having arrived at Liverpool, though the defendant had accepted the goods at another place. The court said it was not necessary to determine, whether or not the plaintiff might not have brought an action of assumpsit ; but the question was, whether or not he could enforce payment of the money under the deed, the goods not having arrived at Liverpool.

The same principle was established in the case of *Heard* vs. *Wadham*, 1 *East*, 619. There the plaintiff, having covenanted that he would, on or before a certain day, convey to the defendant certain lands, in consideration of which the defendant had covenanted to pay a certain sum, it was held, that the action on the covenant could not be maintained, without averring a conveyance, or readiness to convey to the defendant, *on or before the day ;* and that it was not sufficient to show, that the defendant, *after the day,* accepted a conveyance in lieu of the conveyance covenanted to be made. *Lord Kenyon* said, the plaintiff had covenanted to do certain things which had not been done ; but the other party had indulgently accepted something else in lieu of that which he might have insisted upon. The parol agreement, he added, might be sufficient whereon to found an action of assumpsit ; but how could it be the foundation of an action of covenant under seal, whereby the parties bound themselves to perform a different contract. *Lawrence,* J. said, that the conveyance of the estate was a condition precedent to the plaintiff's right of action, and he must show, that he had performed, or was ready to perform his part *on the day.* To the same effect is the case of *Phillips* vs. *Rose*, 8 *Johns. Rep.* 393. The plaintiff covenanted to erect a frame of certain di-

*Addison*,
January,
1828.

Porter et. al.
*vs.*
Stewart:

mensions, on a certain lot, for an oil-mill, on or before the 15th of June, and the defendant covenanted to perform certain acts on his part. The declaration averred, that the plaintiff had fulfilled on his part, as to erecting the frame of the mill by the 15th of June, and alleged a breach of the covenant on the part of the defendant. The evidence was, that the frame of the mill was erected, but not until the 15th of September; that the defendant said it was immaterial whether the frame was erected by the 15th of June or not; and that he consented to the alterations in the dimensions, and assisted in fixing the spot, and directing the workman in erecting the building. The court determined, that the contract must be proved as laid, and that evidence that the contract was enlarged by parol agreement would not support the declaration. They recognized the authority of the case of *Little* vs. *Holland*, and considered it as governing the case before them.

In *Freeman* vs. *Adams*, 9 *Johns. Rep.* 115, the question was, whether an action would lie upon an arbitration bond, for the non-performance of an award, when it appeared that the award was not made within the time specified in the bond, and when it appeared that the parties, by an agreement under their hands and seals, endorsed on the bond, had enlarged the time, and that the award was made within such enlarged time. The court observed, that the case of *Brown* vs. *Goodman* was a solemn determination on the same point, and decisive that a suit would not lie upon the bond. The principle, they said, was incontrovertible, and it was sound law, that if a contract be subsequently changed, you must declare otherwise than on the contract itself. It is true, that the case just cited, as to the main point involved in it, is inconsistent with the decision in *Creig* vs. *Talbot*, 2 *Barn. & Cres.* 179. There, the declaration, after setting forth the condition of the bond, by which the award was to be made within a limited time, stated, that before that time expired, the parties, by deed, agreed to enlarge the time, and that the award was made within the enlarged time; and it was held, that the action was maintainable upon the bond. The court considered, that the second deed was not substituted as a security for the performance of the award, instead of the bond, but was intended merely to vary the day mentioned in the condition of the bond, and to introduce, as a term, into that condition, the extended period of time for making the award, leaving the bond in force as a subsisting security. But the decision proceeded expressly upon the ground, that the agreement to enlarge the time was by *deed*; for the court admitted, that if the agreement had not been by deed, it could not continue the effect of the bond, and, consequently, would not give a remedy upon it, although it might leave the party a remedy for the breach of the parol contract.

These cases, which have never been denied or even questioned, fully settle the law, that the time of performance of a condition in a deed cannot be enlarged by parol agreement, so

that an action can be maintained on the deed; and that to maintain an action upon the deed, performance must be averred according to the stipulation in the deed, and must be proved as laid. The cases cited by the plaintiffs' counsel merely show, that where there is a covenant to perform a certain thing at a certain time, if performance of another thing, or performance at a different time, be accepted in lieu of the other, it is an answer to an action for the non-performance of the thing stipulated. The distinction is, between pleading the matter as a defence, and making it the ground of an action; and no case shows, that a performance, unless it be within the time stipulated by deed, will enable the party to maintain an action upon the deed. As applied to a parol agreement, the observation in *Freeman* vs. *Adams* is true---that there is a wide difference between the case of a suit to enforce a bond, in consequence of such agreement, and a plea of a discharge by the obligor from a strict and literal compliance with the obligation. The case of *Cuff* vs. *Penn*, 1 *Maule & Selwyn*, 21, which has been relied upon as showing a recovery where the time of performance was enlarged by a subsequent agreement, was assumpsit on a simple contract; and there the recovery was had, not on the count on the original contract, but on the counts stating the original contract and the agreement enlarging the time of performance. It is very evident, that in that case, if the action had been simply on the original contract, with an averment of performance within the time stipulated in it, evidence of the subsequent agreement enlarging the time, and performance within the enlarged time, would not have supported the declaration.

It has been argued, that the acceptance of payment of the notes after the day, is evidence of payment at the day; and the defendant is estopped to say, that it was not a performance by the plaintiffs within the condition of the bond. The same argument, we have already seen, was urged in the case of *Little* vs. *Holland*, but the court would not yield to it. It is asked, if the parties by their acts have made the day immaterial, how can the court hold it otherwise? The answer is, that we must look to the condition of the bond, and if the parties in that have made the day material, it must be so considered by the Court. It is very certain, that if the plaintiffs had averred performance on their part, after the day, under a parol agreement enlarging the time, the declaration would have been had on demurrer; for it is a rule in pleading, that a plaintiff cannot set forth matter of fact in his declaration, not contained in the deed itself, so as to alter the case. (*Green* vs. *Horne*, 1 *Salk.* 197.) Aware of this, the plaintiffs have averred performance at the day stated in the condition; that is, they have alleged that the first note was paid on the 1st day of May, 1822, and the second the 1st day of May, 1823, and that the mortgage was tendered on the same day. The evidence offered was, that the notes were paid in 1823 and 1824, and the mortgage

tendered on the 25th of September, 1824, after the third note had become due. Is it possible to say, consistent with the principle which runs through all the authorities, that this evidence supported the declaration? We are persuaded, that there is no case to be found, which gives countenance to such a doctrine; and to adopt it, would be repugnant to adjudged cases directly in point, and introduce an entire new principle into the law of pleading and evidence.

We cannot at law carry the defendant's obligation beyond the terms of it; and what has he bound himself to do, in the bond which the plaintiffs have declared upon? Why, to execute to them a deed, on condition of their paying the sums in the two notes mentioned, by given days, and tendering to him a mortgage to secure the payment of the other notes. The plaintiffs do not perform on their part according to the condition, and is the defendant then subject to an action on the bond for not performing on his part? Suppose the condition had been, that the defendant should execute and deliver the deed by a certain day stated, being after the two first notes became due, if the plaintiffs paid the notes according to their tenor. The plaintiffs do not pay the notes at the time, and the day stipulated for the defendant's performance passes; would acceptance of payment afterwards by the defendant revive the bond, and give an action upon it? This would hardly be pretended; yet the case, as presented, is in principle the same; and to allow the action to be sustained on the evidence offered, would be equally inconsistent with the settled rules of law. The plaintiffs, however, are not without remedy. The acceptance of payment after the day, may be a sufficient performance in a court of equity; and on application there, complete justice may be done between the parties.

Judgment for the defendant affirmed.

*Bates* and *Phelps*, for the plaintiffs.

*Chipman* and *Starr*, for the defendant.