## J. B. JOSLYN *v.* LYDIA TAYLOR.

*Pleading. Covenant. Deed. Debt. Bond.*

In debt upon a bond with a condition that if the plaintiff should pay the defendant a certain sum at a certain time, the defendant should give the plaintiff a good and warrantee deed of certain premises, the plaintiff in his declaration alleged the payment by him of such sum. The defendant pleaded, averring her readiness and offer to give the deed upon the plaintiff's

making such payment, which he had refused to do. The plaintiff replied that the defendant had not been able to give such a deed, because there was a mortgage on the land, made prior to the date of the bond. *Held*, that the replication was a *departure* from the declaration, and therefore bad.

*Held*, also, that the plaintiff's pleadings were defective in not averring a readiness and willingness on his part to make such payment.

An action cannot be maintained upon such a *bond*, if, after its execution, the time of payment by the plaintiff, was postponed by a parol contract between the parties.

A covenant, "to give a good and warrantee deed" of land, refers to the kind of deed to be executed and not to the quality of the title to be conveyed. It is not therefore broken by the inability of the covenantor to convey a perfect title, on account of the existence of a prior mortgage.

DEBT. The pleadings upon which the case was decided, and the decision of the county court are sufficiently set forth in the opinion of the court.

—— ——, for the plaintiff.

*Child & Benton,* for the defendant.

BARRETT, J. This is an action of debt upon a bond with a condition that if the plaintiff should pay two promissory notes, one payable on the 14th of February, 1856, the other on the 14th of February, 1858, for one hundred and twenty-five dollars, and interest annually, then the defendant was to give a good and warrantee deed of certain described premises.

In two counts the plaintiff declares on only the penal part of of the bond, — in the third count he sets forth the condition, and avers that he hath paid said notes in full, and often requested the defendant to execute and deliver to him said deed of said land, which the defendant has neglected and refused to do.

The defendant, for the purpose of meeting the first two counts, sets forth said condition upon oyer, the same as is set forth by the plaintiff, in his third count, and then, as to all the counts, avers readiness and willingness, and an offer to give said deed, upon the plaintiff's paying said promissory notes according to the provisions of the condition, and avers that the plaintiff, upon

such offer, refused to pay, and that he has not paid said notes. The plaintiff, by way of replication, answers the plea, 1st, that, at the time the last of said notes became due and payable, and when, upon payment of the same, the defendant was to have given said deed, she was not able to give a good and warrantee deed of the premises, because there was then, and for a long time prior to the execution of the bond, had been a prior mortgage upon said premises to the amount of fourteen hundred dollars ; 2d, (which was abandoned ;) 3d, that the defendant made a parol agreement with the plaintiff, by which she agreed to waive the payment of said notes at the time they fell due, (no particular time being set for their payment, but it being verbally agreed that the time should be prolonged a reasonable time in order to enable the defendant to get said mortgage discharged,) and that within such reasonable time, afterwards, to wit, on the 1st day of June 1858, the plaintiff made a legal tender to the defendant of the amount then due on said notes, and demanded a deed.

To these replications there was a demurrer, upon which the questions before us arise.

If we were to treat the plaintiff's case as standing on the third count in his declaration, as in fact, and, independently of the technical rules of pleading, it does, and, in like manner, treating the defendant's plea as applying only in answer to the requirements of the rule governing a plea of that character, it is obvious that the plea is, in substance, a traverse of the averment of payment of the notes, and that, if it had concluded to the country, as it would properly have done, if it had not been for covering the first and second counts in the declaration, the plaintiff must have joined issue ; and the case then would have stood upon the issue of payment or not, in which event the plaintiff's failure to prove the payment as averred, would have been fatal against him. Instead however of replying so as to present the issue upon the question of payment, in pursuance of his averment in his declaration, he has replied by way of assigning an excuse for not having paid, thus confessing and seeking to avoid the effect of nonpayment. This seems to us a clear *departure* in the pleadings, contrary to established rules, so far as his right of recovery stands upon the breach of the condition assigned in his declaration.

Again, in reference to said third replication, it is clear, that, so far as the substantive right of recovery is concerned, the plaintiff can avail himself of no fact averred in the replication, that would not have been available to him if it had been set forth in the declaration. Now, supposing he had set forth in his declaration the agreement for the enlarged time for paying the notes, and an offer to pay within the enlarged time, could he have recovered in this action ? We think not. It would seem that the case of *Porter* v. *Stewart,* 2 Aik. 417, and of *Sherwin et al.* v. *R. & B. R. R. Co.*, 24 Vt. 347, and all the analogous cases, are conclusive on this point.

In regard to the first replication, treating it, under the rules of pleading. as applying to the plea as covering only the first and second counts in the declaration, and designed to meet and avoid the averment in the plea of the non-payment of the notes by the plaintiff, does it assign a sufficient answer to the plea in that respect, and show, upon the whole record, a right of recovery in the plaintiff. It is well understood to be proper to declare only upon the penalty of the bond as was done in the first two counts, in which case the defendant brings upon the record the condition, upon oyer, and avers performance on his part, in which case it becomes necessary for the plaintiff, by his replication, to bring upon the record, by averment and denial, all that is necessary to show affirmatively his right of recovery, all the facts that it would be necessary to set forth in case he had, in his declaration, set forth the condition and averred performance or readiness to perform, and a neglect or refusal to perform by the defendant.

Indeed the replication, in such case, is but the complement of the declaration, and after the condition is brought upon the record by the plea, becomes necessary in order to show an original cause and right of action in the plaintiff.

This being so, we may proceed to consider the replication. as to its sufficiency in developing a right of recovery in the plaintiff.

And it is to be first noticed, that it contains no averment of a readiness or willingness, or an offer to pay the notes. The fact of such readiness or willingness was material to the plaintiff's right of recovery, and in order to render available the inability

of the defendant. In other words, in order to put the defendant in fault, and under liability, by reason of such inability to perform on her part, the plaintiff must show by his pleadings that he himself was ready and willing to perform on his part. In this respect therefore, it is clear that the replication is defective in a material point. This defect might perhaps be remedied by amendment on proper terms, and such amendment might be desirable, if the alleged fact of the defendant's inability to perform on her part, for the reason assigned, could be available to the plaintiff, and so, if it were to be assumed that the replication was not defective in this material particular, it may be proper, with reference to the ultimate disposition of the case, to consider the question raised upon the fact averred in the replication, viz: that, at the time the last note became due, the defendant was not able to give a good and warrantee deed of the premises, because there was then, and for a long time prior to the execution of the bond there had been, a prior mortgage upon said land to the amount of fourteen hundred dollars.

The point is as to the construction and effect of the language in the condition, that the defendant was "*to give a good and warrantee deed.*"

Is that expression to be held as descriptive of the kind of deed to be given, or as descriptive of the title to he given? The necessity of a review and analysis of the cases, or of a discussion of the subject upon principle, has been obviated by the labor of the courts of our own, as well of other States, within a comparatively recent period.

We have but to recur to *Preston* v. *Whitcomb*, 11 Vt. 47, in which it was held upon an elaborate review of all the cases by Judge BENNETT, that the terms " shall make and execute a good and authentic deed of conveyance " of certain lands, refers merely to the validity and sufficiency of the deed in point of law, and not the title to be thereby conveyed. The cases of *Aiken* v. *Sanford*, 5 Mass. 494, and of *Parker* v. *Parmlee*, 20 Johns. 130, which involved the same question as the present case, were cited, examined and approved as sound and authoritative.

In the case of *Lawrence* v. *Dole*, 11 Vt. 549, the terms of the contract were, " to *convey* the land by a deed of conveyance,"

and it was held that was not satisfied by executing a deed of conveyance merely, but required such a deed as would, in fact, convey such a title as the other party had a right to expect, that it was not a contract merely to *give a deed*, but it was to *convey* the land, that it had reference to the title, and not merely to the instrument.

Judge REDFIELD, who, on special grounds dissented from the decision in *Preston* v. *Whitcomb*, delivered the opinion in *Lawrence* v. *Dole*, and made a searching and discriminating review of all the cases. He uses this language : " I admit, that when the contract is, in terms, for the execution of a deed of conveya merely, the obligee must take the risk of the title, provided the party do not divest himself of the title which he had at the time of the contract, citing *Stow* v. *Stevens*, 7 Vt. 27 ; Sir Anthony Mayne's case, 5 Coke, 21. When, too, the contract, in terms, es the execution of a deed with covenants, there may be reason to suppose the parties intended to look to the covenants as the muniments of title. It was upon this ground that the case of *Aiken* v. *Sanford*, 5 Mass. 494, was decided. So also the cases of *Parker* v. *Parmlee*, 20 Johns. 130, and *Gazely* v. *Price*, 16 Johns. 266. These cases were very fully considered and very ably illustrated in the opinions delivered by the late Ch. J. SPENCER. It was correctly held undoubtedly that when the contract, *in terms*, has reference to the deed only, it is a sufficient performance to execute such a deed as is specified. But when the contract expressly refers to the title to be conveyed, then the plaintiff, in order to recover, when the covenants are dependent on each other, as in the present case, must not only aver a readiness to convey, but must prove his *ability* to convey such title as contemplated by the parties."

These two cases in 11 Vt. mark and illustrate the distinction between the two classes of cases, and the discussion in the opinions develope both the principle and the cases which bear upon and govern the subject; and they show, conclusively, that the provision in the bond now in question, "to give a good and warrantee deed," does not refer to the title, but to the instrument, and therefore the alleged inability to convey a title on account of the mortgage that existed at the time the bond was executed, does

not constitute a breach of the condition, or such failure to per-
form by the obligor, as can be available in this suit, for the pur-
poses for which the plaintiff invokes it.

The judgment of the county court sustaining the demurrer to
said replications is therefore affirmed.