# Illinois Central Railroad Company v. Arthur Barslow.

1. MASTER AND SERVANT—*Duty in Selection of Machinery.*—An employer is bound, not only to use reasonable care in the selection of machinery and appliances, but also the same care and watchfulness to see that they are kept in proper condition.

2. SAME—*Master Presumed to Have Discharged his Duty.*—The master is presumed to have discharged his duty to provide suitable and fit instrumentalities for the servant in the prosecution of the business he is set to do.

3. SAME—*Master's Knowledge of Defects.*—Where, in an action for personal injuries resulting from a defect in a car coupling, in the absence of evidence showing any knowledge by the defendant of the defect, or that it had existed for any time before the accident, a cause of action is not established.

**Memorandum.**—Action for personal injuries. In the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed November 12, 1894.

### STATEMENT OF THE CASE.

This was an action by appellee to recover for an injury by him sustained while working as a brakeman in the service of appellant. Appellee was one of a crew engaged in the management of a railroad train hauling sand upon appellant's road.

Appellee was endeavoring to couple parts of the train; in so doing a glove upon his hand caught in a crack on the under side of a coupling link; this crack was a little over a quarter of an inch wide, and nearly three-quarters of an inch deep.

Appellee's hand being so caught, before he could withdraw it the cars came together and crushed his fingers.

Appellee charged that the defective condition of the link could have been known by the defendant had it exercised proper care and caution.

There was no evidence that the defendant knew of the existence of any defect in this link, nor as to how long the defect had existed. The car upon which the defective link was, had been in use hauling sand the day upon which the accident occurred.

Appellee had seen men inspecting these cars almost every day.

SIDNEY F. ANDREWS, attorney for appellant; JAMES FENTRESS, of counsel.

Illinois Central R. R. Co. v. Barslow.

APPELLEE'S BRIEF. W. S. JOHNSON, ATTORNEY.

A brakeman does not assume the risk of defective couplings and links which upon proper inspection can be discovered, when the master has inspectors, whose duties call for such inspection, and when the brakeman's duty does not require him to search for defects or to test the couplings. M. & O. R. R. Co. v. Harmes, 52 Ill. App. 649; Houston and Texas R. R. Co. v. Maddox, 21 A. & E. R. R. Cases, 628; Tierney v. Minneapolis & St. L. R. R. Co., 21 A. & E. R. R. Cases, 547; Bailey v. Rome, W. & O. R. R. Co., 34 N. E. Rep. 918; Ohio & M. Ry. Co. v. Pearcy, 27 N. E. Rep. 481, Pittsburgh, C. & St. L. Ry. Co. v. Woodward, 36 N. E. Rep. 442.

In the following cases, where there was a defective link or coupling involved, the court say : Whether the master has exercised the reasonable care required of him by law, and the servant has exercised the reasonable care so required of him, are questions of fact to be determined by the jury from the evidence. Houston & T. R. R. Co. v. Maddox, 21 A. & Eng. R. R. Cases, 628; M. & O. R. R. Co. v. Harmes, 52 Ill. App. 649; Ohio & M. Ry. Co. v. Pearcy, 27 N. E. Rep. 481; Bailey v. Rome, W. & O. R. R. Co., 34 N. E. Rep. 918.

The rule of law that requires the master to keep its own cars and machinery in good repair, and to properly inspect the same, applies likewise to foreign cars or cars of other railroad companies, that the master may use or turn over to its servants to handle. C., B. & Q. R. R. Co. v. Avery, 109 Ill. 325; Gotlieb v. N. Y. C. R. R. Co., 3 N. E. Rep. 344.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This action being based upon the alleged negligence of the defendant in failing to provide safe and suitable appliances for the use of the plaintiff, the burden of proving such negligence is consequently upon the plaintiff.

An employer is bound, not only to use reasonable care in the selection of machinery and appliances, but also the same care and watchfulness to see that they are kept in proper

condition. Wood on Master and Servant, Sec. 329; Union Pacific Ry. Co. v. Jarvi, 53 Fed. Rep. 65; Sack v. Dolese, 35 Ill. App. 636; Same, 137 Ill. 129.

While the case at bar differs from that of Sack v. Dolese, *supra*, in that it is here shown what the defect was which caused the injury, there is not in the present case any evidence as to when the link in question became defective.

The very small crack in it, being upon the under side of the link, was not discoverable except upon a very careful examination, and for aught that appears might have been caused by the strain put upon the coupling on the day of the accident.

We do not express any opinion as to whether the evidence shows that the defect which was the cause of the accident could have been discovered by the exercise of reasonable care and watchfulness, had it existed for a sufficient period to allow of an inspection, but we do hold that in the absence of any evidence showing any knowledge by appellant of the defect, or that it existed for even an hour before the accident, a cause of action was not established. Ill. Cen. R. R. Co. v. Harris, 53 Ill. App. 592–596.

The master is presumed to have discharged his duty to provide suitable and fit instrumentalities for the servant in the prosecution of the business he is set to do. Wood on Master and Servant, Sec. 346; Hard v. R. R. Co., 33 Vt. 473; Gibson v. R. R. Co., 46 Mo. 163; Potts v. Port Carlisle R. R. Co., 8 W. R. 524.

That the link from which the accident under consideration arose was not a suitable or fit instrumentality is not disputed, but the master is not shown to have known of this, nor is it made to appear that the defect had existed for such time, or arose under such circumstances as that he is chargeable with notice of its condition. True, it appears that the cars were inspected almost daily, but that the defect was in being when any inspection took place is not shown.

Appellee having failed to show either actual or implied notice to appellant of the defect from which the injury arose, the judgment of the Superior Court is reversed and the cause remanded.