## Atchison, T. & S. F. R. R. Co. v. Arthur S. Bump.

1. NEGLIGENCE—*Burden of Proof.*—In an action to recover damages for a personal injury resulting from negligence, the burden of showing such negligence is on the plaintiff.

2. COMMON CARRIERS—*No Warranty as to Condition of Goods Transported.*—In merely delivering goods in the condition in which they are received by common carriers, there is no warranty, expressed or implied, that it will be safe or prudent to handle or use such goods.

**Trespass on the Case,** for personal injuries. Error to the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed October 31, 1895.

### STATEMENT OF THE CASE.

On January 12, 1892, plaintiff was employed as a switchman in the yards of the McCormick Harvesting Machine

Company, in Chicago. The yards of that company were inclosed by a fence, and inside the inclosure were four or five miles of switch track belonging to the McCormick company. One of these, known as the Santa Fe switch track, connected with the track of the defendant outside the inclosure, there being a gate through which the track ran. The McCormick company owned a locomotive engine, used in switching cars which were delivered to them to different parts of the yard where they were needed. They employed their own engineer, who ran the engine and had charge of the work, and the plaintiff, whose duty it was, as switchman, to set switches, couple and uncouple cars, etc. During the night some cars had been brought into the yards and left on the track known as the Santa Fe switch track. This was the manner of making delivery to the McCormick company. The McCormick company set them around in their yards wherever they desired. About noon of the day of the injury, it became necessary for the McCormick company to take a car loaded with sheet steel and one loaded with coke from this track to some other point in the yard, and plaintiff coupled the engine to the first car and then walked back to make a coupling between the second and third car. He signaled the engineer to come ahead, which he did very slowly. As the two cars neared one another, plaintiff went in between them, with his back toward the engine to make the coupling. When they came together, the draw-bar of one of them shoved back under the car, and the plaintiff was caught and squeezed between the timbers running across the ends of the cars, which projected about fifteen inches. When the engineer saw that the plaintiff did not come out from between the cars, he backed the engine and the plaintiff came out and sat on the rail of the next track. The engineer went up to him and said, "What did you go in there for?" to which the plaintiff replied, "I thought I could make it."

Afterward, the engineer examined the draw-bars of these cars and found that, on one of them, the spiral spring which holds the draw-bar in place was missing, and he could pull

the draw-bar out twelve or fifteen inches and shove it back and forth. This was the first that was known of the absence of the spring, but the plaintiff, when the cars came together, noticed that the draw-bar shoved under the car. One of the cars by which plaintiff was injured belonged to the Pittsburg, Fort Wayne and Chicago Railroad Company, and the other to the Baltimore and Ohio, or the Chicago, Alton & St. Louis; neither of them belonged to the defendant, but was received from another company, and so far as appears, were simply switched over to the McCormick yards by plaintiff in error, and had been delivered to the McCormick company, which had then full control of them.

The jury returned a verdict for the plaintiff below of $5,000, upon which there was judgment for $2,500.

ROBERT DUNLAP and ELDON J. CASSODAY, attorneys for plaintiff in error; E. D. KENNA, of counsel.

BURTON & REICHMANN and D. D. O'BRIEN, attorneys for plaintiff in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This action of the plaintiff below was based upon the alleged negligence of the defendant below in allowing a car it had delivered to the McCormick Company, for which the plaintiff below worked, to be out of order, by reason of which condition of such car, he, while working for said McCormick Company, was injured.

So far as appears, the only relation of plaintiff in error to this car was that it had switched it into the yards of the McCormick Company, and delivered it to said company.

Plaintiff in error appears to have merely acted as a carrier or transporter of said car. Under these circumstances, plaintiff in error owed, in respect to a condition of this car, of which it does not appear it had any notice, no duty to any one.

Common carriers transport equally for all, new and old,

sound and broken machinery, carriages, cars and utensils, not necessarily or known to be dangerous to handle or use. In merely delivering goods in the condition in which they were received by them, they make no warranty, express or implied, that it will be safe or prudent to handle or use such goods.

The plaintiff below was not an employe of the A., T. & S. F. Ry. Co.; it had no contractual relations with him, nor, so far as is shown, with the McCormick Company, after the delivery of these cars to said company. Sawyer v. M. & St. L. R. Co., 38 Minn. 103; A. T. & S. F. R. R. Co. v. Meyers, 63 Fed. Rep. 793.

The case is entirely different from what it would be if it appeared that plaintiff in error had been employed to transport steel or iron to the McCormick Company, and in such employment had selected a defective car and delivered such steel or iron to the consignee for its servants to unload the goods therefrom. In such case it would have selected the car from which, to its knowledge, the goods were to be taken to the company with which it contracted; in the present case it does not appear that it had any power of selection of these cars, but merely transported what was given to it.

Had plaintiff below been an employe of the defendant below, and been injured in the way he was while working for it, it would have been incumbent on him in an action brought to recover for such injury, to show that the defendant below had notice of the defective condition of the car. Ill. Cent. Ry. Co. v. Barslow, 55 Ill. App. 203.

It does not appear when the defective condition of the car arose; the spring may have been broken while the car was in the possession of the McCormick Company and being moved by it. Plaintiff in error had, therefore, not only no notice that this car was out of order, but it does not appear that by any act upon its part it became defective; neither is it shown that there was originally, or at any time, any such defect as that it is chargeable with notice of the condition from which the injury to the plaintiff below happened.

In brief, plaintiff in error is not shown to have been in any way responsible for the condition of this car, or to have had at any time any relation to it other than that it switched the same into the yards of the corporation for whom the plaintiff below worked.

The court below ought to have instructed the jury to find for the defendant.

The judgment of the Circuit Court is reversed, and the cause remanded.

GARY, J.

I concur in the result only and solely upon the ground that there is nothing in the case to show that the defect in the draw-bar may not have been the result of suddenly stopping the car in the last rod, perch or pole of its motion in the yard of the McCormick Company, without negligence by, or notice to, the plaintiff in error. It is in principle the same as the Barslow case cited by Judge Waterman. Whether the duty to exercise care grows out of one relation or another, the proof of negligence must be in the case, or no cause of action is shown.

SHEPARD, J.

I am not prepared to express an opinion on part of the views expressed by Judge Waterman, but concur with the other members of this court in opinion that no negligence by the plaintiff in error is proved, and therefore the judgment should be reversed.