JAMES E. WHITE *vs.* N. Y., N. H. & H. R. R. Co.

PROVIDENCE—FEBRUARY 6, 1903.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Common Carriers. Master and Servant. Negligence.*

Plaintiff was employed by the M. Co. as a freight handler. Defendant, a common carrier, had delivered in the yard of the M. Co., for the purpose of being unloaded, a car of the D. & H. R. R. Co., which it had received from the B. & M. R. R. Co., fully loaded and duly sealed. After delivering cars in the yard of the M. Co., defendant exercised no further control over them until they were unloaded, when it would remove them from the yard. Plaintiff was sent into the car by the M. Co. to unload it, and, while thus employed, fell into a hole in the floor of the car and was injured. Plaintiff brought action against defendant, and, after verdict for defendant:—

*Held,* that defendant acted merely as a carrier of said car, and, under the circumstances, it owed, in respect to the defective condition of the floor —of which it had no notice—no duty to plaintiff.

TRESPASS ON THE CASE for negligence. Heard on petition of plaintiff for new trial, and petition denied.

TILLINGHAST, J. The material facts in this case are as follows: The plaintiff was employed by the Merchants & Miners Transportation Company as a longshoreman and freight handler at its wharf in Providence. The defendant was in the habit of placing cars upon its tracks in the yard occupied by said transportation company, for the purpose of having

them unloaded. After delivering them in the yard the defendant exercised no further control over them until they were unloaded, when it would remove them from the yard. On the day of the happening of the accident in question the plaintiff was unloading car No. 3,443 of the D. & H. Canal Company in said yard. This car had come from the Boston & Maine railroad, and was delivered, fully loaded and duly sealed, to the defendant at Concord Junction, and by the defendant was delivered in the yard aforesaid for the purpose of being unloaded. The plaintiff, with others, was sent into said car by the transportation company to unload it, and while thus employed he fell through or into a hole in the floor of the car and was injured, whereupon he brought this action against the defendant to recover damages for said injury.

At the trial of the case in the Common Pleas Division, after the evidence was all in, a verdict was rendered for the defendant by direction of the court, and the case is now before us on the plaintiff's petition for a new trial on the ground that said direction was erroneous.

(1)    The plaintiff contends that in view of the facts aforesaid there was an implied invitation from the defendant to him to go upon the premises, which were controlled by the defendant, and hence that it was bound to exercise due care to the end that no harm should befall him while there by virtue of its invitation.

We cannot assent to this contention. The plaintiff was not in the employ of the defendant; the car which he was unloading at the time he received the injury in question did not belong to the defendant, nor can it be said that he was on said car by reason of an implied invitation from the defendant. The transportation company, according to the evidence, had full charge and control of the cars while in the yard, in so far, at any rate, as the unloading thereof was concerned, and the persons doing said work were under the sole control and direction of said transportation company. After the defendant had delivered the cars which it was hauling in said yard, it evidently had nothing further to do with them until they were unloaded by the transportation company.

We fail to see, therefore, that the defendant owed any duty to the plaintiff in the premises, or that he was upon said car by reason of any invitation, either express or implied, from the defendant. Moreover, the car in question was not loaded by the defendant, nor did it have any knowledge or reasonable means of knowledge of the defective condition of the floor thereof. It was delivered in said yard in the same condition, so far as appears, as it was in when received by the defendant. In other words, defendant had nothing to do with the car, except to receive it from one common carrier, namely, the Boston & Maine Railroad Company, and deliver it to another, namely, the Merchants & Miners Transportation Company, in said yard. And when this was done, its liability in the premises ended.

It had no right to open the doors of said car, except in case of emergency, but was bound to deliver it in the same condition in which it was at the time it was received.

In view of these facts, we think it is clear that the defendant is not liable for the accident. It merely acted as a carrier or transporter of said car, and, under the circumstances, it owed, in respect to the defective condition of the floor of said car—of which it had no notice—no duty to any one.

"Common carriers," said the court in *A., T. & S. F. Ry.* v. *Bump*, 60 Ill. App. 444, "transport equally for all, new and old, sound and broken machinery, carriages, cars and utensils, not necessarily or known to be dangerous to handle or use. In merely delivering goods in the condition in which they were received by them they make no warranty, express or implied, that it will be safe or prudent to handle or use such goods." See also *Sawyer* v. *Minn. & St. Louis Ry. Co.*, 38 Minn. 103.

The case at bar is quite different from what it would have been if it had appeared that the defendant had selected a defective car and delivered it to said transportation company to unload the goods therefrom. In such a case it would be chargeable with having selected a car from which, to its knowledge, the goods were to be unloaded by the transportation company, and hence the duty of notifying the latter of

the dangerous condition thereof would have arisen.  See in this connection *Pa. Ry. Co.* v. *Snyder,* 55 O. State, 342.  But in the present case the defendant had no power of selection as to the car in question, but merely transported the one which was delivered to it, nothing appearing in connection therewith to show that it was in any wise an unsuitable or dangerous car to haul or to deliver for the purpose of being unloaded.

.  We fail to see that the case of *McCaffrey* v. *Mossberg & Granville Mfg Co.,* 23 R. I. 381, cited by plaintiff, furnishes any support for the position taken by him.  On the contrary, it seems to us to militate against him.

Speaking by Stiness, C. J., in that case, this court said: "Cases which involve the liability of a defendant to those with whom he does not stand in privity of contract may be grouped into three classes: (1) where the thing causing the injury is of a noxious or dangerous kind; (2) where the defendant has been guilty of fraud or deceit in passing off the thing; (3) where the defendant has been negligent in some respect with reference to the sale or construction of a thing not imminently dangerous."

That the car in question was not a thing of a noxious or dangerous kind, inherently, is evident.  And that the defendant was under no duty to particularly inspect it as to its structural condition, in so far as to its being safe for others than its own employees to handle was concerned, requires no argument.  The case, therefore, clearly does not fall within the first of the three classes above referred to, and it certainly cannot be claimed that it falls within either of the other two of said classes; for no fraud or deceit is alleged or claimed, and no negligence on the part of the defendant in the construction of the car.

The case of *Gottlieb* v. *N. Y., Lake Erie & Western R. R.,* 100 N. Y. 462, relied on by the plaintiff, also fails to sustain the position taken by him.  In that case the plaintiff was in the employ of the defendant corporation, and was injured while in the discharge of his duties as a brakeman.  He was attempting to couple two freight cars, in the night-time, and

was crushed between them by reason of defective draw-heads or bumpers. And the court held, and very properly, that the defendant was under obligation to its servants to exercise reasonable care and diligence in furnishing them safe and suitable implements, cars, and machinery for the discharge of their duties; and, also, that it was responsible for the condition of the cars of other roads, taken onto its line, where the defect was an obvious one and easily discoverable by ordinary inspection.

In the case at bar, as we have already seen, no contractual relation existed between the plaintiff and the defendant, and hence the law applicable to master and servant has no application.

As the evidence produced at the trial failed to show any liability on the part of the defendant for the injury sustained by the plaintiff, the presiding justice properly directed a verdict for the defendant.

The plaintiff's petition for new trial is therefore denied, and case remanded for judgment on the verdict.

*Tillinghast & Murdock and W. R. Bartlett,* for plaintiff.
*David S. Baker,* for defendant.