# CHICAGO & ALTON R. R. CO.
## v.
## JOHN STITES.

1.  MASTER AND SERVANT—DEFECTIVE MACHINERY.—To justify a recovery for an injury arising from a defect or insufficiency in the machinery, or implements furnished by the master to the servant, knowledge of the defect must be brought home to the master, or proof given that he was ignorant of the same through his own negligence or want of care.

2.  VERDICT NOT SUSTAINED BY EVIDENCE.—The verdict for plaintiff was not justified by the evidence, which failed to establish the material fact alleged in the declaration, that defendant carelessly and negligently permitted its switch to be and remain in defective repair and condition.

APPEAL from the City Court of East St. Louis; the Hon. WILLIAM P. LAUNTZ, Judge, presiding. Opinion filed January 8, 1887.

Mr. L. H. HITE, for appellant.

Messrs. FLANNIGEN & CANBY, for appellee.

GREEN, J.   This was an action in case, brought in the court below by appellee against appellant, to recover damages for injuries alleged to have resulted from the negligence of appellant. A verdict for $3,550 was rendered, appellant's motion for a new trial overruled, and judgment on the verdict was entered for appellee, to reverse which this appeal was taken. The declaration of two counts averred substantially, "defendant negligently and carelessly permitted a switch to be and remain in bad and defective repair and condition, so that it did not hold rails true and in proper shape to allow wheels of engine to pass safely over the same, and by reason of such defective repair and condition the engine on which plaintiff was riding was thrown from the main track to and upon the side track, and plaintiff was thereby thrown to the ground and injured, and (in second count) was compelled to jump from the engine to avoid the danger of being crushed by collision of en-

gine with cars on side track, and in so doing struck the ground with great force and violence, and was injured.   Plaintiff was in the employ of defendant as yard switchman at the time of the injury, and had been in such employment during five or six years prior to that time.   His duties required him to pass up and down over defendant's road past the switch alleged to have been in bad repair and condition, upon engines, daily, attend to switching trains in the yard where the switch in question was located, to handle it when required in the performance of his duty as yard switchman, and was familiar with the tracks and switches in the yard.   The engine on which he was riding at the time of the accident was proceeding on its way down to East St. Louis upon the main track in this yard, appellee standing upon the foot board in front, and at a point where a side track could be joined to the main track by the use of said switch.   The engine left the main track and ran onto the side track ; this, as appellee testified, caused the engine to jump, and finding he was thereby about to be thrown off, he pushed himself off on one side to avoid falling in front of the engine.   In another part of his testimony he says, "When the engine was jumping it threw me, and I lit on one foot;" and he also described his injuries.   One sufficient reason of those urged on behalf of the appellant for reversing this judgment, is, the verdict was not justified by the evidence, which failed to establish the material fact, as alleged in the declaration, that defendant carelessly and negligently permitted the switch to be and remain in defective repair and condition ; the proof shows appellant kept in its employ up to and at the time of the accident, a sufficient force of men, whose duty was every day, including Sunday, to inspect and keep in repair tracks and switches of appellant's road in this yard, and that they were diligent in performing their duty; that at an early hour of the Sunday on which the accident occurred, appellee returned on a train from his work at East St. Louis safely over the main track past this switch; about nine o'clock the same morning the yard master in charge of this yard, rode on a train down to East St. Louis on the main track past this switch, and observed nothing out of order there, and appellee testifies a switch engine with trains was

running over the main track up and down past this switch during the afternoon of same day as late as five o'clock, and no accident or interruption was observed; it was about twenty minutes after six o'clock the accident happened.   The foregoing facts show, quite satisfactorily, the switch in question to have been in good working order and repair up to a time little more than an hour before the engine reached the switch and ran off upon the side track, and moreover, as the engine was approaching and within a short distance of the place where it left the main track, the switch and rails all appeared to the persons on the engine to be in good order, with the switch set for the engine to pass along on the main track.   Applying the law to these facts in evidence, and defendant's liability, by reason of negligence as alleged in the declaration, does not appear.   It can not be justly claimed, the facts proven show, or tend to show, appellant, its officers or employes knew this switch was out of repair or in a defective condition at or immediately before the accident, or that negligence should be imputed to them because they failed to obtain such knowledge (if the switch had been in that condition) in the short interval elapsing between five o'clock, when the safe passage of trains by this switch indicated its safe condition, and the time the engine ran off. "To justify a recovery for an injury arising from a defect or insufficiency in the machinery or implements furnished by the master to the servant, knowledge of the defect must be brought home to the master, or proof given he was ignorant of the same through his own negligence or want of care."   C. C. & I. C. R. R. Co. v. Troesch, 68 Ill. 546; C. & A. R. R. Co. v. Platt, 89 Ill. 140 ; E. St. Louis P. & P. Co. v. Hightower, 92 Ill. 140.

The evidence, we think, also fails to satisfactorily show the switch to have been out of repair immediately before and at the time the engine ran onto the side track.   From the evidence it appears, just after the accident the switch was examined, and the target, pin in the switch, and switch rods, were found to be all right, but the sliding rail of the switch lapped over, and was out of line about half an inch, and appellee attributed the accident to this cause.   Witnesses also testify if the switch

C. & A. R. R. Co. v. Stites.

had been in perfect order this sliding rail would have been held true and not out of line. This evidence does not show the condition of this switch before the accident or that it was then in bad repair, but we must look to the testimony of those who saw its condition immediately before the engine ran off upon the side track, for information. Appellee, engineer and fireman were the only witnesses who knew the condition of the switch just before the accident, and their testimony shows that they were riding on the engine upon the main track and approached within two car lengths of this switch, in clear daylight, all looking ahead and observing the switch, and the switch, switch rails, and track appeared all right and in perfect order. Taking all this testimony together it can hardly be said, the material allegation that the switch was out of repair immediately before and at the time of accident, was proved by a preponderance of the evidence. We shall not discuss other questions presented by counsel for appellant touching the motion for continuance, instructions and contributory negligence, deeming it unnecessary so to do. The court below erred in overruling the motion for a new trial and in rendering judgment upon the verdict. The judgment is reversed and cause remanded.

Judgment reversed.