The Chicago and Northwestern Railway Company *et al.*

*v.*

Mary A. Snyder, Admx.

*Filed at Ottawa May 16, 1889.*

1. Practice—*directing what the verdict shall be.* If there is evidence on the part of the plaintiff tending to prove the issues involved, it is not proper to take the case from the jury by an instruction to find for the defendant.

2. Where a right of action fairly depends upon the effect or weight of testimony, the case is one for the consideration and determination of the jury, under proper directions as to the principles of law involved. It should never be withdrawn from them unless the testimony be of such a conclusive character as to compel the court, in the exercise of a sound judicial discretion, to set aside a verdict returned in opposition to it.

3. Fellow-servants — *question of fact for the jury.* In an action against a railway company, to recover for the death of a conductor on the defendant's road, caused by the negligence of another servant in charge of a semaphore, the defendant asked, and the court gave, an instruction embodying the rule as to the liability of a master to one servant for an injury caused by the negligence of a fellow-servant, which was numbered 1. The defendant asked the court to submit this question: "At the time of the accident causing S.'s death, did the usual duties of S., and T., the semaphore attendant, bring them habitually together, so that they could exercise a mutual influence upon each other promotive of proper caution?" The court submitted the same, with this addition: "So as to make them co-employes in the same line of employment, as explained in defendant's instruction No. 1:" *Held*, no error in the modification of the question, as it did not require the jury to pass upon the law.

4. Verdict—*general verdict, and special findings—whether inconsistent.* A special finding of a jury that the employes of one of the defendant railways, in charge of its train when it crossed the track of another road, were not guilty of negligence that materially contributed to the injury, is not inconsistent with a general verdict finding both the defendants guilty of negligence contributing to the injury, where the negligence charged and proved was, that the agent of both companies defendant failed to properly manage the semaphore and so signal as to prevent a collision, such agent not being an employe having charge of the train.

| | |
|---|---|
| 128 | 655 |
| 134 | 213 |
| 135 | 647 |
| 128 | 655 |
| 35a | 644 |
| 128 | 655 |
| 143 | 545 |
| 128 | 655 |
| 151 | 555 |
| 152 | 467 |
| 155 | 216 |
| 44a | 422 |
| 45a | 641 |
| 128 | 655 |
| 50a | 471 |
| 128 | 655 |
| 157 | 604 |
| 128 | 655 |
| 54a | 390 |
| 128 | 655 |
| 64a | 544 |
| 128 | 655 |
| 70a | 334 |
| 128 | 655 |
| 100a | 3511 |

5. Instruction—*as to a question of fact.* Where there is proof, in an action against two railway companies, that an agent, guilty of negligence, was employed and paid by both companies, and operated a semaphore or signal in the interest or service of both companies, it is proper to refuse an instruction that such agent was not the agent of one of the companies, but was that of the other company.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. John P. Altgeld, Judge, presiding.

Mr. William C. Goudy, for the appellant the Chicago and Northwestern Railway Company:

When the whole evidence is so insufficient to support a verdict that the court would not permit one to stand, it is the duty of the court to instruct the jury, as matter of law, to find for the defendant, or to exclude all the plaintiff's evidence. *Phillips* v. *Dickerson,* 85 Ill. 15; *Reed* v. *Deerfield,* 8 Allen, 524; *Simmons* v. *Railroad Co.* 110 Ill. 346; *Pleasants* v. *Faut,* 22 Wall. 120; *Randall* v. *Railroad Co.* 109 U. S. 478; *Skellenger* v. *Railway Co.* 61 Iowa, 714; *Martin* v. *Chambers,* 84 Ill. 579; *Frazer* v. *Howe,* 106 id. 573; *City of Mattoon* v. *Fallin,* 113 id. 249; *Railroad Co.* v. *O'Conner,* 115 id. 261; *Bartelotte* v. *International Bank,* 119 id. 369.

The plaintiff could not recover because Snyder and Torrence were fellow-servants. This court has held that it is a question of law as to what constitutes fellow-servants, and that the jury are to find the facts from which the court may determine that question. *Railway Co.* v. *Moranda,* 108 Ill. 576; *Railroad Co.* v. *Morgenstern,* 106 id. 216.

Mr. E. Walker, for the appellant the Chicago, Milwaukee and St. Paul Railway Company.

Mr. Mason B. Loomis, for the appellee.

Mr. Justice Magruder delivered the opinion of the Court:

This case is now before us for the second time. The first decision of it is reported as *C. & N. W. Ry. Co. et al. v. Snyder, Admx.* 117 Ill. 376. The second trial in the court below has again resulted in a verdict and judgment in favor of the plaintiff, and in an affirmance of such judgment by the Appellate Court.

The action is brought against the Chicago and Northwestern Railway Company, and the Chicago, Milwaukee and St. Paul Railway Company to recover damages for the death of John H. Snyder resulting from the collision of a train of the former company with a train of the latter company at a point where the tracks of the two companies crossed each other. The facts are settled by the judgment of the Appellate Court.

The first error assigned is the refusal of the trial court to instruct the jury to find for the defendants. There was evidence on the part of the plaintiff tending to prove the issues involved, and, therefore, it would have been improper to take the case from the jury. The first question to be determined was, whether Snyder, who was the conductor of a train on the Northwestern road travelling eastward, was exercising ordinary care in the management of his train when the accident occurred. The plaintiff introduced testimony tending to show, that the deceased stopped his train, before coming to the crossing, at the distance therefrom required by the statute and the rules of the company, and that he kept a proper look-out for the customary signals. Defendants introduced testimony tending to show, that he did not stop at the proper stopping-place, and did not keep the requisite look out. These were matters for the jury to decide.

The next question to be determined was, whether Torrence, who was in charge of the Semaphore as the paid agent and employee of *both* of the defendant companies, was guilty of negligence in failing to give Snyder such a signal, as it was

necessary for him to have, in order to move his train safely over the crossing. When the semaphore was so managed as to throw a green light upon the track, a waiting train had the right to advance, while the red light on the track was a signal to such a train not to move. The plaintiff introduced evidence tending to show, that Torrence threw the wrong light at the wrong time, so as to induce Snyder to go forward when he should have remained stationary, and that this careless management of the signal on the part of Torrence was the cause of the collision. The defendants offered testimony for the purpose of negativing this theory. It was the province of the jury to pass upon the question.

The Supreme Court of the United States holds as follows: "Where a cause fairly depends upon the effect or weight of testimony, it is one for the consideration and determination of the jury, under proper directions as to the principles of law involved. It should never be withdrawn from them, unless the testimony be of such a conclusive character as to compel the court, in the exercise of a sound judicial discretion, to set aside a verdict returned in opposition to it." (*Phœnix Ins. Co.* v. *Doster,* 106 U. S. 30; *Randall* v. *B. & O. R. R. Co.* 109 id. 478; *Goodlett* v. *Louisville R. R.* 122 id. 391; *Kane* v. *Northern Central R'w'y Co.* 128 id. 91). In *Blanchard* v. *L. S. & M. S. R'y Co.* 126 Ill. 416, this court sustained the trial court in instructing the jury to find for the defendant, because the testimony on the part of the plaintiff in that case was of the conclusive character mentioned in the above quotation, it having been made to appear, that, when plaintiff's intestate was killed, he was walking along upon the railroad track at a place where there was no regular crossing—an act, which had already been held to be proof of the want of that ordinary care, always necessary to be shown, in order to secure a recovery in an action of this kind. No such failure to establish a cause of action is presented by the record now before us. (*Chicago West Division Ry. Co.* v. *Mills,* 105 Ill. 63.)

The jury found specially, in answer to a question prepared by one of the defendants, that the employees of the C. M. & St. P. Ry. Co., who were in charge of the latter company's train when it crossed the track of the C. & N. W. Ry. Co. were not guilty of "negligence that materially contributed to the injury complained of." This finding is not inconsistent with the general verdict. By the latter, the defendants were found guilty by reason of the negligence of Torrence, who was in the joint employment of the two companies, in failing to properly manage the semaphore. Torrence was not upon either of the trains which collided. He was in the signal station, which was ninety feet west of the crossing where the collision took place. He may have been guilty of negligence, and yet those, who were in charge of the train crossing the tracks, may have been entirely innocent of any want of care.

We can not stop to comment upon all the special findings in this record. After a careful examination of them we see no such inconsistency in them with the general verdict, as would justify us in again reversing this cause. We can but repeat the language heretofore made use of in *C. & A. R. R. Co.* v. *Murray*, 71 id. 601: "We have no doubt the deliberations of the jury are, in many cases, embarrassed by voluminous instructions, drawn by ingenious counsel, calling for special findings, and the practice ought not to be encouraged."

The second instruction, shown by the present record to have been given for the plaintiff, is the same as the third instruction commented upon in our former opinion in *C. & N. W. Ry. Co. et al.* v. *Snyder, supra*. The defect in it, which we there held to be fatal, was obviated by a proper correction before it was given upon the second trial. As it now reads, it submits to the jury the question, whether those engaged with Snyder in the management of his train, as well as Snyder himself, were exercising due care when the accident happened. The only objections now made to the instruction are those, which we held to be insufficient, when the case was here before.

The trial court refused to give an instruction asked by the defendant, the C. M. & St. P. Ry. Co., which holds substantially that, under the circumstances attending the collision of the trains, Torrence was the agent only of the C. & N. W. Ry. Co., and not of the other defendant. There was proof tending to show, that he was employed by both companies, paid by both companies, and operated the semaphore in the interest of both companies. The tracks of the Northwestern road ran east and west, and those of the St. Paul road crossed them running from the northwest to the southeast. Just before the collision took place, there was a train on the N. W. road, east of the semaphore and bound for the west; there was a train on the St. P. road, also east of the semaphore and bound for the northwest; there was still another train west of the semaphore, and bound for the east; it was this latter train, of which the deceased was the conductor. The testimony tended to prove that, at the time of the accident, Torrence was engaged in directing the movements of all three of these trains by the turning of the semaphore. If the jury should find that he was so engaged, they would find that he was in the service of both defendants when Snyder was killed. To have given an instruction, which would have led them to believe that he was the servant of one defendant only at that time, would not have been based upon the evidence, and, therefore, the refusal to give it was not erroneous.

At the request of the defendant, the *C. & N. W. Ry. Co.*, the court below gave the jury an instruction embodying the rule, heretofore laid down by this court, which requires, "that the servants of the same master, to be co-employees so as to exempt the master from liability on account of injuries sustained by one resulting from the negligence of the other, shall be directly co-operating with each other in a particular business in the same line of employment, or that their usual duties shall bring them habitually together, so that they may exercise a mutual influence upon each other promotive of proper

caution." (*Rolling Mill Co.* v. *Johnson,* 114 Ill. 57, and *C. & N. W. Ry. Co. et al.* v. *Snyder, supra*). The instruction so given is marked defendant's instruction No. 1. The jury returned a negative answer to the following question: "At the time of the accident, causing Snyder's death, did the usual duties of said Snyder and Torrence, the semaphore attendant, bring them habitually together so that they could exercise a mutual influence upon each other promotive of proper caution, *so as to make them co-employees in the same line of employment, as explained in defendant's instruction No. 1?"*

The question as originally drawn by defendant's counsel did not contain the last clause, which is in italics. The italicized clause was added to the question by the court, and such modification of the question by the court is complained of as error. We cannot see that the defendant company was prejudiced by thus referring the jury to its own instruction prepared by its own counsel. They were not required by the modification to pass upon the law. They were merely told to answer the question of fact, propounded to them, in accordance with the principles of law laid down in the instruction.

We find no error in the record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*