## CHRISTIAN SACK

### v.

## JOHN DOLESE AND JASON H. SHEPARD.

*Master and Servant—Negligence of Master—Failure to Furnish Proper Machinery — Personal Injuries — Inspection — Foreign Cars — Latent Defects—Evidence—Burden of Proof.*

1. A master must use diligence in providing and maintaining safe machinery and appliances to be handled by his employes, and he is bound to inspect the cars of other persons or companies which his servants are required to operate in the course of their employment.

2. Before it can be said that the master's negligence in failing to inspect, was the cause of an injury, it must be shown that the fault or defect in the appliance in question was one which a proper inspection would have disclosed, even though, from the nature of the accident, it may be readily concluded that some defect did in fact exist.

3. In such cases the burden of proof is upon the plaintiff.

4. In an action brought by a servant to recover from his employers for personal injuries alleged to have been occasioned through their negligence, this court declines, in view of the evidence, to interfere with the verdict for the defendants.

[Opinion filed April 21, 1890.]

Appeal from the Superior Court of Cook County; the Hon. Kirk Hawes, Judge, presiding.

Messrs. Edmund Furthmann and Joseph H. Fitch, for appellant.

Messrs. Campbell & Custer, for appellees.

Moran, J. Appellant was at work for appellees in a quarry near to which was a machine for crushing the stone. The crushed stone was run from the crusher through a spout into cars, and as each car was filled it was run out on the track and an empty one brought up under the spout. The motion given to the full car would send it slowly along the track, and it was the duty of the man who was engaged in running out the full and bringing in the empty cars, to run after such moving full car and climb on to it, and set the brake so as to stop the car. In attempting to stop a car in that manner on August 6, 1888, appellant was injured. He was employed to work in the quarry with a pick and shovel, but had on one or two instances worked at the crusher handling the cars. On the day of the accident he was directed by the foreman to attend to the cars, the man who usually attended to that work being absent. In attempting to stop a loaded car which had just run out, the brake gave away in some manner, and he was thrown to the ground, and the wheels of the car ran over and crushed the fingers of one hand and one of his feet, causing a serious and permanent injury. He gave, on direct examination, an account of the manner in which the accident happened, as follows:

"When I moved the car so far, I loosened the rope and ran around and was jumping on the car; then I put on the brakes; I was pulling on the brakes in order to stop the car, because the cars are stopped there. * * * The car was still in the act of running slowly; I was holding with all my strength the brake to stop the car, then I got a sort of push from the brake; it swung me about, and I fell down and the car ran over me; that is all; the brake threw

me down around; I was taking hold of it with all my might, and with all my strength, that is why it threw me. Something loosened on the chain below; the wheel I had in my hand turned, the chain gave way, that is, on the handle below on the brake."

On cross-examination he said: "I pulled the brake very hard on the car on which I was standing when hurt; I could not see what happened to the brake, I only felt that something had happened; there was something loosened on the chain below, so that the wheel I had in my hand turned; I could not think anything else was the matter because the handle remained as it was, and something must have happened to the chain."

There was no evidence showing what, if any, defect was in the brake, or brake chain, but it was shown that the car on which the accident occurred did not belong to appellees, but was a "belt line" car, and that said car was not inspected by appellees' inspector. At the close of the plaintiff's evidence the court instructed the jury to find the defendants not guilty.

There is no basis for the contention that plaintiff was njured by reason of lack of skill in performing the work which he was ordered to do. Assuming that he was in fact unfamiliar with the work, there is no evidence tending to show that he did not do it as well as the most skillful could have done. There is no pretense that he did not do the right thing at the right time and in the proper manner. His injury was clearly due to the breaking, from no fault of his, of the appliance which he was handling, therefore the only count of his declaration which the evidence would fit, is the one charging a failure on the part of the appellees to furnish in and about the work which appellant was directed to do, proper cars, equipped with suitable appliances and brakes for stopping and operating the same, and keeping them in proper repair, and that by reason of the carelessness and negligence of appellees in that regard, plaintiff was injured. Was it error for the court to refuse to submit the evidence to the jury under this count?

There was no evidence introduced or offered by plaintiff to

show that the brake of this car was improperly constructed, or in what the defect in it consisted. The plaintiff's right to recover depended upon the proof of injurious negligence by the defendant. We agree with counsel for appellant, that the rule is well settled that the employer is bound to use diligence in providing and maintaining safe machinery and instrumentalities, to be handled by the employes, and that in the operation of cars a most efficient and perhaps a necessary method of discharging that duty is to maintain a careful system of inspection, to see that the necessary appliances in use thereon are in good order, and sufficient to answer the purposes for which they are intended. We also agree that the same rule of reasonable care with reference to proper machinery and inspection applies, in the case of cars belonging to other persons which the servant is required to operate in the course of the master's business, as governs when the cars are owned and provided by the master himself. Therefore for the purposes of this case we assume that appellees are responsible for defects in the apparatus on the belt line car on which the accident happened, to the same extent and upon the same principles as they would be, if the injury was occasioned by a car belonging to appellees, and which was in use by them to remove the crushed stone. But there is in this case no proof which would make appellees liable if the accident had occurred on one of their own cars. Plaintiff neglected to prove a necessary element in his case; he has not shown that the accident was the result of negligence on the part of appellees. He alleged such negligence in his declaration and the burden was on him to prove it. Proving that the brake chain parted, or that something gave out, so that the brake wheel suddenly turned with him and threw him from the car, does not show that appellees were guilty of negligence. Why did the brake chain part? Was it too light, not of the usual and proper size, or not properly attached? Did it break because of a defect in one of the links, or was it worn out from use? If there was a defect in it, could it have been discovered by proper inspection? To these questions the evidence introduced by plaintiff furnishes no answers.

It is suggested, however, that plaintiff proved that there was no inspection of this car, and that the failure to inspect throws on appellees the burden of showing that the brake apparatus was properly constructed, and that there was no defect in it that an inspection would have disclosed.

This imposes the burden on the wrong party, and compels the defendant to prove that the injury *did not* result from his negligence. The proposition goes on an unwarrantable assumption, to wit, that an inspection would have discovered the defect in the brake. That is an affirmative proposition to be shown by the evidence, and the burden of proving it rests on him who asserts it. If plaintiff had shown that the fault in the brake was in fact known to appellees' foreman, or car inspector, but unknown to himself, he would have made out his case, and so, too, he would have made his case had he shown that the defect was of such a nature that it would have been known to them if they had exercised due care. No defect is latent which an inspection will discover; hence appellees would be charged with knowing what an inspection would inform them of; but before a court or jury can say that this negligence in failing to inspect the car was the cause of plaintiff's injury, it must be shown by the evidence that the fault or defect in the appliance was one which a proper inspection would have made known to them. This appears to be true on principle, and it is very clearly established by authority. In C. C. & I. C. Ry. Co. v. Troesch, 68 Ill. 545, it is said: " The cases in this State and in sister States are with great unanimity to the effect, if injury arises from a defect or insufficiency in the machinery or implements furnished to the servant by the master, knowledge of the defect or insufficiency must be brought home to the master, or proof given he was ignorant of the same through his own negligence or want of care, or, in other words, it must be shown he either knew, or ought to have known the defects which caused the injury."

In C. & A. R. R. Co. v. Platt, 89 Ill. 141, the injury was caused by a defective ladder which plaintiff was obliged to use in the performance of his duty as a brakeman. An instruc-

Sack v. Dolese.

tion was given which told the jury in substance that if it was necessary for plaintiff in discharge of his duty to go upon said ladder, and that while going thereon the top step or round gave way, or pulled out, through a defect in the same, the jury should find for the plaintiff, if they believed from the evidence that the plaintiff had no notice of the defect. In reversing the case for the giving of that instruction the court said : "That instruction makes the supposed facts therein stated conclusive, when the facts stated might exist and yet the defendant be free from negligence. So far as is shown by the testimony, the car in question was in good order in all respects. This instruction omits an important element necessary to charge the company, and that is knowledge on the part of the company of the defect in the ladder, or their ability to acquire this knowledge by the exercise of the highest degree of care bestowed upon its construction and condition. * * * Actual knowledge of the defect is not necessary, it being sufficient that the company might have been informed by the use of such diligence as the law imposed upon it; but when it did not know and could not have informed itself of the defect, the company can not be held responsible."

In E. St. L. P. & P. Co. v. Hightower, 92 Ill. 139, the above quoted cases are followed, and it is said that without proof that knowledge of the defect in the pipe which in that case caused the injury might have been obtained by reasonable diligence, there could be no recovery, and that the burden was upon the plaintiff to make such proof. As illustrating the same rule see C. & A. R. R. Co. v. Pratt, 14 Ill. App. 346, and C. & A. R. R. Co. v. Stites, 20 Ill. App. 648.

Authorities directly in point are not wanting in other States. In Morrison v. The Phillips, etc., Cour. Com., 44 Wis. 405, the injury was to horses that were being transported, and was caused by the breaking of one of the wheels under a freight car, but it was not shown what the defect or flaw in the wheel was; that trial court directed a verdict for the defendant as was done in this case, and the Supreme Court approving such action, used this language: " The

respondent's liability depending upon the carelessness or fault of its agents, employes or managers in some way, and appellant's right of recovery depending upon the same being clearly shown by evidence, and it being his duty to furnish such evidence, it certainly was incumbent upon him to show how and why the accident occurred." See also Ballou v. C., M. & St. P. R. R. Co., 54 Wis. 257, for a discussion of a kindred subject.

In Ladd v. N. B. R. R. Co., 119 Mass. 412, the trial judge directed a verdict for the defendant, there being no evidence that there was any negligence in procuring the switch which it was alleged caused the injury, or any defect in the switch which could have been discovered upon most careful inspection, and the ruling was affirmed.

In Spicer v. So. Boston Iron Co., 138 Mass. 426, the rule finds illustration in a case where it was held the plaintiff should recover. There the injury occurred by reason of a defect in an "S" hook. The plaintiff proved by witnesses, how the hook looked after the break, and showed that there was a visible crack or flaw in the hook, above the flaw at the place of the rupture, and the court held the evidence tended to show that a careful inspection would have revealed the weakness of the hook, and therefore there was evidence of negligence on the part of the defendant to support the verdict. In Duffy v. Upton, 113 Mass. 544, the action was to recover for an injury caused to an employe by the breaking of a derrick with which he was at work. The plaintiff proved the injury and that the machine gave way, and the court directed a verdict for the defendant. The Supreme Court approved the ruling, saying: "It is not shown to have been caused by imperfection of machinery furnished by the master for the servant's use. The burden is on the plaintiff to show negligence, and this is not one of the cases where proof of the accident is *prima facie* evidence of negligence. The accident might have happened without the negligence alleged and the means of knowledge as to the cause of the injury was clearly within the plaintiff's reach." So we may say here, it was clearly within the power of plaintiff to have this car examined by

some person after the accident, and thus have shown what was the fault or defect.

Le Banon v. E. B. Ferry Co., 11 Allen, 312, is instructive for the distinction between cases like the one under consideration and cases where a presumption of negligence arises from the happening of the accident. The plaintiff asked the court to rule that, having proved due care on his part and the occurrence of the accident, the law would imply negligence on the part of the defendants and cast upon them the burden of proving that the accident happened without their fault. After pointing out that the rule asked by the plaintiff was applicable in such cases, as where trains, under the exclusive management of the company, ran off the track, where the same evidence which proved the injury done also proved the defendants' negligence or developed circumstances from which it must be presumed, this opinion says: "Upon recurring to the facts in this case, it appears that this accident might have happened without negligence on the part of the defendants, and that the means of knowledge as to the cause of injury were equally within the reach of both parties. The court, therefore, rightly declined to give the instruction asked for on this point."

A case directly in point is found in De Graff v. N. Y. C. & H. R. R. R. Co., 76 N. Y. 125. There plaintiff was in the employ of defendant as brakeman on a freight train; in applying a brake the chain broke and plaintiff was thrown from the car and injured. Plaintiff proved that a chain of the size of the one in question, if of the best material, would bear a strain of six times the amount of power that could be applied by plaintiff, but did not show the cause of the fracture or nature of the defect. There was a motion for a non-suit, which the trial court denied, and the case was reversed for that error. The opinion of Church, C. J., says: "There is an entire absence of evidence as to the nature and character of the defect, or the cause of the breaking. We may imagine several causes: *first*, from an original defect in the iron; or, *second*, in its manufacture; or, *third*, by reason of weakness and ordinary decay by use; or, *fourth*, by getting misplaced

on the trip on which the accident occurred. There is no evidence that ordinary care and observation would have discovered all or either of these defects if they had existed, and they (the jury) must have so found, as they could not have singled out a defect which ordinary care would have discovered, because the particular defect was entirely unknown." Again, he says: "It is argued that the jury might have found negligence from the fact that there was some defect, but negligence is not to be presumed, and it is apparent that the chain might have become weak from use, without being discoverable from an ordinary examination."

The opinion is long and the case well reasoned, and it is clearly shown, that in order to charge the employer, when such an accident happens, it must be shown that the defect is one which could be discovered by a proper inspection, even though, from the nature of the accident, it may be readily concluded that some defect did, in fact, exist. In the light of these authorities, and upon general principles of reason, the majority of this court are of the opinion that plaintiff wholly failed to prove an element essential to his right to recover and that the verdict for defendants was properly directed, and the judgment must therefore be affirmed.

*Judgment affirmed.*

GARY, P. J., dissenting. The appellant concedes that unless the evidence by him introduced, with all the inferences which a jury could justifiably draw from it, would support a verdict in his favor, the action of the court was not erroneous. The cases supporting that view of the law are cited by court and counsel in C. & N. W. R. R. Co. v. Snyder, 128 Ill. 655. The question upon this record is as to what inference a jury could justifiably draw from the evidence.

Whether, if in fact the brake which gave way was defective, the appellees exercised reasonable care when sending the appellant to work upon the car, in assuming, without any inspection, that a car sent by a railway company to their quarry for use, was in a safe condition, was a question of fact for a jury. Pa. Co. v. Frana, 112 Ill. 398. Now, the mere

fact that the brake gave way while being used as it was constructed to be used, was of itself *prima facie* evidence that it was defective.   Kearney v. London, etc., 5 L. R. Q. B. 411, and 6 L. R. Q. B. 759.   There a brick fell off a wall and injured the plaintiff, which was held to afford, *prima facie*, a presumption that the proprietors of the wall had not used reasonable care.   So the fall of a building, no tempest prevailing, and there being no external violence, is without explanation, evidence of negligence of the owner.   Mullen v. St. John, 57 N. Y. 567.   "Buildings properly constructed do not fall without adequate cause."   The same principle is applied where a locomotive boiler exploded in I. C. R. R. Co. v. Phillips, 49 Ill. 234; S. C., 55 Ill. 194.

But it is supposed that as the particular defect in the brake which caused it to give way is not shown by the evidence in this case, it can not be presumed, and the jury would not be at liberty to infer that it was such a defect that it might, by the use of ordinary means and ordinary care, have been ascertained; and therefore omitting to inspect the brake, when perhaps nothing would have been discovered by an inspection, is not evidence of any negligence, as a consequence of which the appellee was injured; and DeGraff v. N. Y. C. & H. R. R. Co., 76 N. Y. 125, is cited.   That case does not go that length.   The plaintiff was a brakeman on a freight train from West Albany to Syracuse.   The railroad had six men employed at West Albany to inspect freight trains, who were in the habit of examining the brakes.   The brake had been successfully used three times on the same trip, and the chain broke at the fourth attempt to use it.   From evidence of what a good chain ought to bear, and the fact that it broke, it was conceded that the jury might find that it was defective, but says Judge Church: "I have been unable to find any evidence that this chain was not perfect when it was put in, nor that proper care was not exercised in examination by the servants of the company, nor what was the cause of its failure, or whether such cause could have been discovered by the usual and ordinary means.   I think the evidence is not sufficient to charge the defendant with a knowledge of such weakness, or any negligence or omission to examine."

Now the case shows that the railroad had in its service men, whose duty it was to examine; if they neglected their duty, it was, under the law of New York, neglect of fellow-servants, not chargeable by the servants injured upon the master; and the probability that the defect was discoverable was greatly lessened by the fact that the brake did not give way, as in this case, at the first attempt to use it, but after being three times successfully used on that trip.

In the case of the fallen building in 57 N. Y., without evidence of any specific defect in it, the court say: "The mind necessarily seeks for a cause for the fall. That is, apparently, the bad condition of the structure. This again leads to the inference of negligence which the defendant should rebut." The proof of negligence "may in such cases as the present be by presumption."

In the present case it is a fair presumption that inspection by a careful and competent man would have discovered the defect which caused the brake to fail. All inspections are based upon experience, that in the ordinary course of things defects, if they exist, are thereby discovered. The contrary hypothesis makes the use of machinery a matter merely of luck and chance. In effect it substitutes the fatalism of the Turk for the precaution of Christian nations.

Verdicts of juries are properly based upon probabilities; certainty in a great proportion of human affairs is not attainable. A bare preponderance of evidence in favor of the necessary hypothesis is sufficient to warrant a verdict: Miller v. Balthasser, 78 Ill. 302; and as the last quotation says evidence may be "by presumption," I therefore think the court erred in taking the case from the jury.