HENRY HOBBOLD

V.

CHICAGO SUGAR REFINING COMPANY.

*Master and Servant—Personal Injuries—Negligence of Vice Principal —Fellow-Servants—Evidence—Instructions.*

1. While the definition of fellow-servants may be a question of law, it is always a question, to be determined from the evidence, whether the particular case falls within the definition.

2. Instructions stating that certain circumstances bring parties within such relation, are bad.

3. In personal injury cases, all the circumstances attending an acci-, dent must be taken into account in determining whether any negligence by the plaintiff contributed to the injury barring his action, and it is for the jury to take those circumstances into account.

[Opinion filed May 27, 1892.]     •

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. EDMUND FURTHMANN, for appellant.

Messrs. PRUSSING, HUTCHINS & GOODRICH and FRANK H. McCULLOCH, for appellee.

GARY, J.  The appellee manufactured from corn, sugar, glucose, starch, dextrine and British gum.  In making dextrine, corn starch, nitric acid and water mixed in shallow pans were cooked by putting the pans upon pipes filled with

steam. These pipes occupied nearly the whole interior of a "kiln."

Steam had, until four or five days before the catastrophe which is the subject of inquiry in this suit, been used in the pipes at a pressure of fifty to sixty pounds; it was then increased to ninety pounds, if not more, which very considerably raised the temperature, the object being to cook in less time. Two nights after the change in pressure a fire started in the kiln, which the night watchman extinguished by water thrown upon it through a hose. As one result, some of the mixture was spattered about the kiln, and after the kiln was cleaned, there was left upon a part of the floor a scale or crust. Two nights after the first fire that scale or crust ignited, water was directed upon it through a hose and an explosion followed, some results of which (though not shown by this record) are described in 48 Fed. Rep. 199 –200.

The appellant had been employed by the appellee in the refinery seven years; first as a laborer, afterward and at the time of the explosion as a foreman over twenty-seven men. There were eight or nine foremen, and three hundred and twenty to three hundred and sixty men employed in the works. The cleaning of the kiln after the first fire was done under the direction of the appellee and by order of Dr. Behr. Dr. Behr was a chemist for, the secretary and treasurer of, the Refining Company, and the superintendent, and had full charge of the refinery. He was called when the last fire was discovered, ordered a Babcock fire extinguisher to be brought, and after the appellee had directed the stream, without harm at first, took the hose from the hands of the appellee, directed the stream, and the explosion followed. The appellant was severely injured and sued the company.

Only enough of the circumstances are stated to furnish a basis for a discussion of the instructions. Among those given on the request of the appellee, are these :

" 5. The court instructs the jury that even though Dr. Behr's position was that of general superintendent of the

factory, still if the jury find from the evidence that he and Hobbold were working together in trying to extinguish a fire, and both of them doing the same kind of work, and if the jury find from the evidence that while so working together with Hobbold, trying to extinguish said fire, if he was so working, Dr. Behr was negligent, and that such negligence, if it existed, caused the injury complained of, Hobbold can not recover damages from defendant, and your verdict should be for the defendant.

" 6.   The court instructs the jury that no matter in what rank or position Hobbold and Dr. Behr usually worked, if the jury find from the evidence that at the time the accident occurred, Hobbold and Dr. Behr were working together and assisting each other in putting out a fire, and further so find that while so working together with Hobbold, if he was so working, trying to extinguish said fire, Dr. Behr so negligently directed a stream from a fire extinguisher, that an explosion was caused thereby, which resulted in the injuries complained of, your verdict should be for the defendant.

" 7.   If the jury find from the evidence that it was the duty of Hobbold to have the kiln thoroughly cleaned after the fire of March 25, 1890, and the jury further find from the evidence that he failed to have it so cleaned, and that in consequence of such neglect, if it existed, a fire occurred which caused the injury complained of, your verdict should be for the defendant.

" 8.   The court instructs the jury for the defendant, that the mere fact that of a body of workmen, one is the foreman or superintendent, does not prevent their all being servants in the same line of employment, or in and of itself render the employer liable for an injury resulting from the negligence of such superintendent or superior, and in this case, altough the jury may believe, from the evidence, that Dr. Behr was superintendent of defendant's works and the superior of plaintiff, yet if the jury further believe from the evidence that at the time of, and just before the explosion, Dr. Behr and the plaintiff were engaged together in putting

out a fire in one of the defendant's kilns, and that the negligent manner of Dr. Behr in putting out the fire, if the jury find he was negligent, caused the explosion which injured the plaintiff, yet if the jury further find from the evidence that the negligence complained of consisted of some act done or omitted by Dr. Behr, which might just as readily have happened with one having no such authority, the jury should find for the defendant.

"10.   If the jury believe from the evidence that the plaintiff was instructed to keep the kiln thoroughly cleaned, and the jury further believe from the evidence that he failed to keep said kiln thoroughly cleaned, and, in consequence of such failure, if it existed, dust was permitted to remain on the pipes and in contact therewith and under the same, and if the jury further believe from the evidence that the presence of such dust, if it is so shown to be present, was the proximate cause of the fire which existed at the time of the explosion, and was allowed to remain in and about the kiln through the carelessness and negligence of the plaintiff, and if the jury further believe from the evidence that in attempting to put out such fire, dust was raised, which resulted in the explosion and in the injury of the plaintiff, then the jury are instructed that the plaintiff can not recover.

"11.   If the jury believe from the evidence that after the fire of March 25, 1890, the plaintiff was instructed to clean out the kiln thoroughly, and the jury further believe from the evidence that he failed to so clean the same out, and if the jury further find that in consequence of such failure, if it existed, a crust was left upon the floor under the bottom of the kiln, which crust, if it is so shown to be present, ignited and caused a fire; and if the jury further believe from the evidence that in attempting to put out said fire, dust was raised, and that the explosion was caused by such dust, which caused the injuries complained of, then the jury are instructed, as a matter of law, that the plaintiff can not recover."

The appellant excepted and the jury found against him. Numbers five, six and eight go far beyond the rule laid

down in the May case, C. & A. R. R. Co. v. May, 108 Ill. 288.
It is there said: "The true rule on the subject, as we understand it, is this: The mere fact that one of a number of servants, who are in the habit of working together in the same line of employment, for a common master, has power to control and direct the actions of the others with respect to such employment, will not of itself render the master liable for the negligence of the governing servant, resulting in an injury to one of the others, without regard to other circumstances. On the other hand, the mere fact that the servant exercising such authority, sometimes, or generally, labors with the others as a common hand, will not of itself exonerate the master from liability for the former's negligence in the exercise of his authority over the others. Every case, in this respect, must depend upon its own circumstances. If the negligence complained of consists of some act done or omitted by one having such authority, which relates to his duties as a co-laborer with those under his control, and which might just as readily have happened with one of them having no such authority, the common master will not be liable."

The same judge (Judge Mulkey) who wrote that opinion, also wrote in Abend v. T. H. & I. R. R., 111 Ill. 202, and there "the habit of working together," which from the first case might seem to be an important, if not essential, element of the relation of fellow-servants, is held not so to be, and that "it is sufficient if all are actually employed by the same master, and that the work of each, whatever it may be, has for its immediate object a common end or purpose, sought to be accomplished by the united efforts of all." But this coincidence of time, place and end or purpose of the work, does not seem to be conclusive. C. & N. W. Ry. Co. v. Snyder, 128 Ill. 655.

In C. & N. W. R. R. Co. v. Moranda, 93 Ill. 302, it is said of the "rule which holds a master (even in cases where he is guilty of no fault) responsible for the neglect of his servant, where a third person suffers damage from the negligence of such servants," that "when the reason of the rule ceases,

Hobbold v. Chicago Sugar Refining Co.

the application of the rule ought also to cease;" and then the opinion goes on to show that the reason why the same rule does not apply to an injury to a fellow-servant of the servant whose negligence caused the injury, is, that when "directly co-operating with each other in a particular business at the time of the injury, or are, by their usual duties brought into habitual consociation, it may well be supposed that they have the power of influencing each other to the exercise of constant caution in the master's work (by their example, advice and encouragement and by reporting delinquencies to the master) in as great, and in most cases, in a greater degree than 'the master;" and that when the circumstances are such as do not permit the exercise of that "power of influencing," the master is not exempt from responsibility to the injured servant. In the same case on a second appeal, 108 Ill. 576, the court "felt constrained to adhere" to the rule as it is there phrased, "so that they may exercise an influence upon each other promotive of proper caution."

On this second appeal the Supreme Court reversed the judgment, because the Circuit Court instructed the jury that certain circumstances took two employes of the same company out of the relation of fellow-servants; quoting from Ind. & St. L. R. R. Co. v. Morgensten, 106 Ill. 216: "The definition of fellow-servants may be a question of law, but it is always a question, to be determined from the evidence, whether the particular case falls within the definition."

The instructions under consideration tell the jury that certain circumstances bring them within that relation, and under the authority of the Moranda case, are bad.

A jury, if left to determine for themselves whether the appellant was in such relation to Dr. Behr as to "exercise an influence upon" him "promotive of proper caution," might not have found the affirmative; we refrain from saying why.

The other instructions make failure to have the kiln clean, a bar. Chemical cleanliness of anything exposed to the atmosphere of a great manufacturing city, is probably impossible.

Did Dr. Behr know the probability of something being left upon the floor of the kiln, not readily removable, with the facilities for access, by mechanical appliances, which under the increased pressure and temperature of the steam might ignite, and fail to warn the appellant? Had the appellant any such knowledge without being warned? All the circumstances must be taken into account in determining whether any negligence by the appellant contributed to the explosion, barring his action; and it is for the jury to take those circumstances into account.

We have said as little about the facts as we could and show the errors in instructions.

The judgment is reversed and the cause remanded.

.    *Reversed and remanded.*