## Chicago Drop Forge and Foundry Company v. Van Dam.

1. INSTRUCTION—*To Find a Verdict for the Defendant.*—As a court may properly instruct a jury peremptorily to find for the defendant only where a verdict for the plaintiff can not be permitted to stand, it follows that a court errs in so instructing only where a verdict for the plaintiff can be permitted to stand.

**Memorandum.**—Action for personal injuries. In the Circuit Court of Cook County; the Hon. SAMUEL P. MCCONNELL, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the March term, A. D. 1893, and affirmed. Opinion filed June 29, 1893.

The opinion states the case.

WILLITS, ROBBINS & CASE, attorneys for appellant.

S. P. DOUTHART, attorney for appellee.

OPINION OF THE COURT, GARY, P. J.

This case was here on appeal by the present appellee and decided November 7, 1892, No. 4463. We then held it was error to instruct the jury to find for the defendant. On the last trial before a jury, upon the same evidence, it being read from the stenographic minutes, the appellant asked the same instruction which the court refused. The case went to the jury without any instruction and they found for the appellee. It is now urged by the appellant that upon the evidence the appellee ought not to recover.

What is decided on the first appeal, becomes the law of the case for the same court on a second appeal of the same case upon the same facts. Chicago, M. & St. Paul Ry. Co. v. Hoyt, No. 4224, opinion filed February 9, 1892.

As a court may properly instruct a jury peremptorily to find for the defendant only where a verdict for the plaintiff can not be permitted to stand (C. & N. W. Ry. Co. v. Snyder, 128 Ill. 655, Sack v. Dolese, 137 Ill. 129, 35 Ill. App. 636), it follows that a court errs in so instructing only where a verdict for the plaintiff can be permitted to stand.

The effect, therefore, of our former decision, is that the present verdict of the jury is warranted by the evidence, and we must abide by it. Affirmed.