**Frank V. Campe, Administrator, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.**

**Gen. No. 14,423.**

LORD CAMPBELL'S ACT—*what does not preclude recovery for death caused by wrongful act.* The proviso of the Injuries Act as follows: "Provided, further, that no action shall be brought or prosecuted in this state to recover damages for a death occurring outside of the state," does not preclude recovery in this state if the wrongful act complained of was done within the territorial limits of this state.

Action in case for death caused by alleged wrongful act. Error to the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1908. Reversed and remanded. Opinion filed May 3, 1909.

A. L. GETTYS and R. J. FINN, for plaintiff in error.

JAMES G. CONDON and C. LE ROY BROWN, for defendant in error; JOHN R. HARRINGTON, of counsel.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The declaration in this case contains four counts, in which it is averred, in substance, that, April 19, 1904, while the plaintiff's intestate, Mary Lyon Rountree,

was attempting to board one of the defendant's street cars, which had stopped at the intersection of Thirty-first street and Wentworth avenue, in the city of Chicago, for the purpose of proceeding north on Wentworth avenue, the said car was negligently started, causing her to fall against the edge of the car platform, and injuring her so that, shortly thereafter, she died.

The defendant pleaded the general issue. A motion was made by the defendant at the close of the plaintiff's evidence, accompanied by an appropriate instruction, to direct a verdict for the defendant, which motion the court denied. A similar motion was made by defendant, at the close of all the evidence, which the court allowed and directed the jury to find the defendant not guilty.

It does not appear from the record on what ground the trial court took the case from the jury; but counsel for plaintiff say, in their argument, that the ground of the court's action was that it was shown by the evidence, and not controverted, that the deceased died in the State of North Carolina. Counsel for the defendant do not deny that this was the ground on which the court directed a verdict for the defendant. The 2nd section of the act, "requiring compensation for causing death by wrongful act, neglect or default," as amended by act approved May 13, 1903, contains this proviso: "Provided further, that no action shall be brought or prosecuted in this State to recover damages for a death occurring outside of this State, and that the increase from five thousand to ten thousand dollars, in the amount hereby authorized to be recovered, shall apply only in cases when death hereafter occurs."

In Crane, Adm'x, v. C. & W. I. R. R. Co., 233 Ill. 259, the injuries which were claimed to have caused the death of the plaintiff's intestate occurred January 3, 1904, in Cook county, in this State, and plaintiff's intestate died in Hammond, in the State of Indiana, January 23, 1904. The railroad company contended, and the trial court held, that, in view of the proviso above

quoted, there could be no recovery. But the Supreme Court held otherwise, and reversed the judgment, saying, among other things: "We are of opinion the proviso to section 2, from which we have quoted, was intended to be considered in connection with section 1 of the act of which it forms a part, and when so considered it must be construed to mean that no action shall be brought in this State to recover damages for a death where the wrongful act, neglect or default causing the death occurred outside of this State. To construe said proviso to mean that notwithstanding the wrongful act that caused the death occurred in this State, if the injured party was removed to another State before death resulted, and there died from such injuries, no action could be maintained in this State, would appear so absurd and contrary to the ends of justice that such construction should not be placed upon the language used unless it is so plain and unambiguous that it will admit of no other rational construction."

The opinion in the case cited was filed February 20, 1908, more than a year after the trial of this case, and if the trial court construed the proviso as precluding a recovery, because plaintiff's intestate died in North Carolina, we do not think it surprising.

In the Crane case, two of the justices of the Supreme Court, while concurring in the decision, dissented from the construction given to the proviso in the opinion of the court.

The court, at the conclusion of the plaintiff's evidence, denied defendant's motion to instruct the jury to find for the defendant, thus indicating, as we think, an opinion that the evidence was such as should be submitted to the jury. The evidence tends to prove that the accident occurred substantially as averred in the declaration; that the plaintiff's intestate was, prior to the accident, healthy, strong and active; that immediately after the accident she became seriously ill and so continued until September 17, 1904,

when she died at Montreal, in the State of North Carolina, where she was taken for her health August 2, 1904. The evidence tends to prove that the accident caused injury to her kidneys, or at least to one of them. In short, our conclusion from the evidence, with all legitimate inferences from it, leaving out of consideration all countervailing evidence and the credibility of witnesses, is that it fairly tends to support the plaintiff's declaration, and that the cause should have been submitted to the jury.

In Offutt v. Columbian Exposition, 175 Ill. 472, 474, the court say of a motion to instruct the jury peremptorily, ''The maker of the motion to so instruct admits the truth of all opposing evidence, and all inferences which may be fairly and rationally drawn from it. The motion does not involve a determination of the weight of the evidence, nor the credibility of witnesses,'' citing cases.

In Ry. Co. v. Johnson, 135 Ill. 641, 647, the court say: ''Nor should a cause ever be withdrawn from the jury unless the testimony is of such a conclusive character as to compel the court, in the exercise of a sound legal discretion, to set aside a verdict returned in opposition to it'', citing 128 Ill. 655.

For the reason that the court erred, in not submitting the cause to the jury, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*